## W. O. ELLIS v. AUGUST BONNER.

### No. 606.

1. **Damages for Conversion—Case in Judgment.**—When a building company was sued, and attachment against it was levied upon two knock-down houses which had been sold by the authorized agent of the company to plaintiff, and paid for by him before the levy of the attachment, and which were upon the lot of plaintiff when levied on, and under the attachment proceedings were sold and the proceeds appropriated by the attaching creditor, he knowing of the sale to plaintiff before the levy of the attachment, in a suit against the attaching creditor for damages for the conversion, plaintiff is entitled to recover the value of the materials so appropriated, and 6 per cent interest from the date of the seizure.

2. **Allegation and Proof—Variance.**—The petition described the property seized as two portable houses in a knock-down state, including materials, the necessary and usual component parts of two complete houses, including sashes and flooring. The

proof showed that the materials consisted of the component parts of two houses complete, except sash and flooring for one of them. There is no material variance between the allegations and the proof. Unless the allegations are words of essential description, it is sufficient if they are substantially proved.

3. **Admissible Evidence.**—The value of the two houses was alleged to be $2000. The trial court properly heard evidence of the value of the missing parts of the houses, although not alleged in the pleading, in order to determine the value of the material seized and appropriated by defendant. He could not complain that plaintiff did not recover all that he sued for, nor that the damages awarded were less than the sum claimed.

4. **Opening Default—Meritorious Defense.**—A motion for a new trial after default judgment taken, which alleges that the defendant had a meritorious defense, but fails to state what it was, is properly overruled.

5. **Second Motion for New Trial.**—A second motion for a new trial made after the first had been disposed of, and more than two days after the judgment had been rendered, can not be treated as an amendment to the original motion.

6. **Motion for New Trial Too Late.**—A third motion for a new trial, made nineteen days after two former motions had been overruled, was properly denied, when no excuse for the delay was given.

7. **Jury Trial—When It May Be Denied.**—The court may try a case without a jury, unless one is demanded and the fee paid; and the mere fact that in a previous trial of the case, in another county and before another court, the record shows that the trial was by jury, is not sufficient to convict the judge of denying appellant a privilege secured to him by law.

APPEAL from Harris.

*Williams & Evans*, for appellant.—1. The judgment of the District Court is unsupported by the evidence, in that the petition sets up a claim for damages growing out of a levy of a writ of attachment on property described as "two certain frame portable buildings, or houses in knock-down state;" whereas there was no evidence to show that the material levied on by Ellis constituted "frame portable" buildings or houses; or that it was such buildings or houses in a "knock-down" state; or that there was any "ceiling, weatherboarding, and all the other usual and necessary lumber, material, etc., for said two houses." 1 Greenl. on Ev., secs. 50, 63, 65, 68; Galveston v. Becht, 21 S. W. Rep., 971.

2. The judgment of the court is contrary to the evidence, in this: the petition alleged (1) that the property levied on was two houses in a knock-down state, including "sash and flooring * * * for said two houses," and (2) the houses "ready to be joined together." Whereas the material levied on did not include "sashes" and "flooring" for two complete houses. 1 Greenl. on Ev., secs. 50, 63, 65, 68; Galveston v. Becht, 21 S. W. Rep., 971; James v. Brooks, 24 S. W. Rep., 78.

3. The court erred in overruling defendant's original and amended motion for a new trial, for the reason that the same showed a good

defense to the plaintiff's cause of action, in that the sale of the property to plaintiff by Boyd was void as to creditors, and so shown to be by said motions, and the title to the property was vested in others than the plaintiff. Said motion shows sufficient excuse for not presenting the said defense on the 25th of September, 1893, in that the case was tried out of its order, and the sickness of defendant and the misunderstanding of his counsel prevented their attendance on that day. Ellis v. Valentine, 65 Texas, 532; Colls v. Galloway, 1 W. & W. C. C., sec. 725; Buford v. Bostwick, 50 Texas, 371; Chinn v. Taylor, 64 Texas, 385; Emmons v. Gordon, 24 S. W. Rep., 246; Warner v. Crosby, 75 Texas, 295; La Croix v. Evans, 1 W. & W. C. C., sec. 749.

4. The court erred in hearing and determining the case on its merits without a jury. 1 Sayles' Civ. Stats., arts. 3060, 3072; Warner v. Crosby, 75 Texas, 295; La Croix v. Evans, 1 W. & W. C. C., sec. 749.

*Oscar D. Kirkland* and *James Slyfield,* for appellee.—1. In actions of tort, the party entitled to damages can recover pro tanto. And it is unnecessary to prove with absolute certainty the specific articles alleged in the petition. The law is, that a plaintiff suing for the value of personal property alleged by him to have been converted is entitled to recover pro tanto the actual value of such property as he may prove to have been converted wrongfully by the defendant. To constitute a fatal variance or misdescription, it must be such as to mislead or surprise the adverse party to his injury. Edrington v. Kiger, 4 Texas, 89, 90; Eakin v. Ins. Co., 1 W. & W. C. C., sec. 1234; Water Co. v. Ice Co., Id., sec. 1134; Blum v. Martindale & Schult, Id., sec. 1125; Vincent v. Mayblum, Id., sec. 763; Johnson v. Dowling, Id., sec. 1093; Carter & Hunt v. Wallace, 2 Texas, 206; Tel. Co. v. McHenry, 3 W. & W. C. C., 9; Loomis v. Stuart, 24 S. W. Rep., 278; Tied. on Sales, sec. 205, et seq.; Greenl. on Ev., 15th ed., secs. 50, 57, 58, 61; 3 Suth. on Dam., secs. 445, 446; Railway v. Terry, 2 Ct. App. C. C., sec. 453; Railway v. Pickens, 4 Id., 35; Hill v. Tucker, 1 Id., sec. 1224; Shipman v. Fulcrod, 42 Texas, 248; Mason v. Kleberg, 4 Texas, 85; Cole v. Terrell, 71 Texas, 549.

2. The court did not err in overruling defendant's original motion for a new trial, for the reason that the said motion set up no equity, but on the contrary set up by allegations in a loose and general way sundry matters and things which defendant alleges that he ought to have done, but this defendant in this original motion wholly fails to show any good reason why, if he had so many good defenses to plaintiff's cause of action, he failed to avail himself of them by coming into open court and proving same. What is termed by defendant an amended motion was in fact and in truth a new, separate, and independent motion, filed too late, without leave of the court or notice to

plaintiff.   Gill v. Rodgers, 37 Texas, 628; Cole v. Terrell, 71 Texas, 549; County of Caldwell v. Crockett et al., 4 S. W. Rep., 607; Davis v. Ransom, 57 Texas, 333; Fulshear v. Randon, 18 Texas, 275, 276; Linn v. Le Compte, 47 Texas, 440; Bryorly v. Clark, 48 Texas, 345; Wood v. Wheeler, 7 Texas, 16; Puckett v. Reed, 37 Texas, 308; Cook v. De la Garza, 13 Texas, 431, 432; Heath v. Fraley, 50 Texas, 209; 27 Texas, 440; Briggs v. Lane, 1 W. & W. C. C., sec. 962; Davis v. Zumwalt, Id., secs. 596, 598; White v. The State, 10 Texas Crim. App.; Smith v. The State, 15 Texas Crim App., 139; Rice Crim. Ev., sec. 167, et seq.; 1 Freem. on Judg., sec. 326; Railway v. Van Winkle Co., 3 W. & W. C. C., secs. 447, 538; Anderson v. Herman, 1 W. & W. C. C., secs. 926, 927; Boaz v. Schneider, 6 S. W. Rep., 402; Benj. on Sales, 6th Am. ed., sec. 348; Id., pp. 280, 281 and 906; Bish. on Con., sec. 534; Tied. on Sales, sec. 85–94; 2 Black on Judg., secs. 354, 662, 691, 662.

PLEASANTS, Associate Justice.—On the 25th of September, 1889, the appellee sued the appellant, in the District Court of Harris County, to recover the value of two certain portable frame houses in a knock-down state, which had been levied upon by appellant under a writ of attachment issued by appellant in a suit in which he was plaintiff and the Houston Building Company was defendant, and under which levy the houses were sold, and the proceeds of the sale appropriated by the appellant. The appellee in his petition averred, that the houses at the time of their seizure and appropriation as aforesaid were on his premises, and were complete in their parts, and ready to be erected upon the premises into two structures; and that the same when so erected were each worth $1000. The petition further alleged the circumstances under which the property was seized and appropriated, and claimed that plaintiff was entitled to exemplary damages, for which prayer was made, and for the value of the property also.

The defendant answered by general demurrer and general denial. Upon a trial of the cause a verdict and judgment were rendered for the plaintiff, and upon appeal to the Supreme Court the judgment was reversed and the cause was remanded for another trial, and upon return of the cause to the District Court of Harris County, upon motion of the defendant, Ellis, the venue was changed to Fort Bend County. On the 29th of March, 1893, the first day of the term of the District Court of Fort Bend County, the case was called for trial, and the plaintiff appeared in person and by counsel, and the defendant appeared by his counsel, F. M. O. Fenn, by whom the court was informed that the defendant was unable from physical infirmities to be present; and by agreement the cause was postponed until a future day of the term, to wit, the 10th day of April; and on the 10th the plaintiff again appeared and announced ready for trial; but the defendant came not, and his counsel produced and read to the court the certificate of

defendant's attending physician, to the effect, that the defendant was prevented by his illness from attending the court on said day; and thereupon the cause was reset for the 15th instant. On the 15th, plaintiff was again in court and ready for trial, and defendant not being able to appear, according to the certificate of his physician, by reason of personal injuries recently sustained, the cause was, upon defendant's application, continued until the next term; and at the time of the continuance, by agreement between the counsel for defendant and plaintiff, the cause was set down for trial on the 25th of September, 1893. Some two weeks before the 25th of September, 1893, the defendant called on the plaintiff's attorneys at their offices in the town of Richmond, and asked for and obtained an agreement with them to read, upon trial of the cause, the statement of facts which was agreed to upon appeal by the defendant from the judgment rendered against him by the District Court of Harris County. This agreement was reduced to writing and signed by the parties; and the defendant, at the time of this agreement, requested that the cause might be set for a later day of the term than the 25th of September, telling counsel for plaintiff that his health was, and had been for sometime, bad; and that he had been urged by his physician to leave the State for a few weeks, change of atmosphere being necessary for his restoration to health; and that his testimony was very material to his defense. To this request plaintiff's counsel would not consent; and the defendant then informed them that the cause could not be tried in his absence, and that he had not yet fully determined whether he would permit a trial at the approaching term of the court. Counsel for plaintiff then inquired of defendant if the papers of the cause were in his possession, and they were informed by the defendant that the papers were in the possession of his counsel, the Hon. N. G. Kittrell, of the city of Houston. On Friday, the 22nd of September, one of the counsel for the plaintiff visited the office of Judge Kittrell, in the city of Houston, and received from him the papers of the cause. During the interview between Judge Kittrell and counsel for plaintiff, in reply to a question from the latter, he was informed by Judge Kittrell that he would not be in attendance upon the Fort Bend court before Tuesday, the 26th, the second day of the term. Upon receiving this response to his question, plaintiff's counsel did not advise Judge Kittrell that the cause had been set for trial on the 25th, and the plaintiff would insist on a trial on that day. Had this information been given to Kittrell he would have been in court on the 25th, and would have represented the defendant in the cause. Counsel for the plaintiff left the office of Kittrell after receiving the papers in the cause, and after agreeing upon a day for the trial of another cause pending in the Fort Bend court, in which himself and Kittrell were opposing counsel; and when these counsel parted, Kittrell supposed that this cause would not

be called for trial before Tuesday, the 26th of September. On Monday, the 25th of September, the cause was tried by the judge of the court without a jury, in the absence of both defendant and his counsel, and a judgment rendered for plaintiff for the sum of $1638, with interest thereon from the day on which the houses were seized and converted to his use by defendant. The judgment was only for the value of the property, the claim of exemplary damages having been eliminated from the suit by the decision of the Supreme Court. Previous to the trial of the cause, either on the day of the trial or the day before, the judge was advised by certificate of his physician, that defendant would be unable to attend court on the 25th, by reason of his ill-health; but plaintiff was present with his witnesses, and demanded a trial. The plaintiff proved the purchase by him from the Houston Building Company of the two houses, some days before their seizure by the defendant. The sale was made by the managing member of the defendant company, and by him the two houses, complete in all their parts, with a few slight exceptions, and ready to be erected, were delivered to the plaintiff, the price being $1638, $1038 of which was paid down, upon delivery of the material; and the balance of the price was to be paid when the houses were erected, which the company, at the time of the sale of the material, agreed with the plaintiff to do within a short time. The houses had been delivered to plaintiff, and were on his lots when attached by the defendant. The managing partner of the Houston Building Company, who made the sale to the plaintiff, was alone authorized to make purchases and sales of the company. The secretary of the company, who had a day or two before the sale to plaintiff transferred the entire assets of the company to certain parties in the city of Houston, was not authorized to make the transfer, and Boyd, the managing partner, was not advised of this transfer at the time he sold the houses to plaintiff. The $1038, received by him in part payment for the houses, was duly placed to the credit of the company. The value of the houses when erected was $1000 each. The cost of putting them up and the cost of missing material was about $200. The sale of the houses was made to the plaintiff at about 25 per cent less than their value. The consideration for this reduction of the price being, as testified by Boyd, who made the sale, the advertisement of the business of his company by the erection of the buildings on conspicuous sites in the city of Houston. The defendant, Ellis, was fully advised, at and before the seizure of the property under his attachment, that the same had been sold to the plaintiff Bonner, and that he had made payment in part of the purchase money.

On the 26th of September, the day after the trial, the defendant appeared in court in person and by counsel, and made a motion to set aside the judgment rendered against him, and grant him a new trial. The motion averred that defendant had a meritorious defense to the

plaintiff's demand, without stating what the defense was; it further alleged, that defendant was on the day of the trial of the cause confined to his bed by sickness, and was unable to attend the court on that day, and that he was then present against the protest of his physician; and the motion further averred, that his counsel, N. G. Kittrell, was not present to represent him, by reason of the fact that he had been deceived and misled by counsel for the plaintiff as to the day on which the cause would be called for trial. The averment of the motion, that defendant had a meritorious defense to the suit, was supported by his affidavit; and his affidavit also supported his averment of inability to be present on the day of trial; and in further support of that averment, his physician made affidavit of his illness on that day; and in support of the averment that defendant's counsel was not present, by reason of the fraud and deceit of one of plaintiff's counsel, N. G. Kittrell made affidavit to the interview between himself and said counsel, in the city of Houston, a few days before the trial of the cause.

In reply to the averment that defendant was confined to his bed on the day of the trial, and was unable to attend court, the plaintiff filed several affidavits controverting that averment; and plaintiff also filed an affidavit of his counsel, denying that any fraud or deception had been practiced upon defendant, or defendant's counsel; also affidavits in proof of the interview and agreement had between defendant and plaintiff's counsel, in Richmond, some two weeks before the trial.

By affidavits filed by plaintiff, the defendant was shown to have walked several miles on the day of the trial, notwithstanding his illness; and it was further shown, that on the day of the trial the defendant was present at a fire, which occurred some distance from defendant's residence. This motion was overruled by the court, and the defendant excepted.

On the 28th of September defendant filed what he named his amended motion for a new trial, which, in addition to the averments of the original, alleged that he could show, upon another trial, that the Houston Building Company was, at the time of the alleged sale of the property in question to plaintiff, insolvent, and that the insolvency was known to the plaintiff when he made the alleged purchase; and further, that no consideration was paid for the property, and that there was no real sale of the houses made to plaintiff by Boyd; that the same was a pretense and a sham, and that, the company being insolvent, the secretary had authority to make sale of its assets in payment of its debts; and that such sale was made by the secretary previous to the time of the alleged sale to the plaintiff; and that plaintiff acquired no title to the property, and had none to it when the same was seized under attachment. This motion was also overruled; and again, on the 19th of October, defendant filed his second amended

motion, in which, among other grounds, in addition to those presented in previous motions for a new trial, he averred, that the cause had been tried by the judge alone, without the assistance of a jury, and that such trial was had without his authority or consent, and that he had been denied the privilege of a trial by jury; that a jury had been previously demanded and the jury fee paid, and a trial had by jury in the District Court of Harris County, previous to the change of venue of the cause. This motion was excepted to by plaintiff, on the ground that it came too late, and it contained no reason why the ground for a new trial presented in the motion had not been sooner presented. This exception was sustained and the motion stricken from the docket, and the defendant excepted and gave notice of appeal.

The foregoing are our conclusions upon the facts of the case as we have deduced them from the transcript after careful and laborious inspection of the same. From these facts our opinion is, that at the time of the levy of the attachment upon the house, in the suit of appellant against the Houston Building Company, said company was not the owner of the property attached, and that the title to the same was in the appellee, and that the latter should recover of the appellant its value at the time of the seizure, with interest thereon at the rate of 6 per cent per annum from that date; and from this it follows, that the judgment of the lower court must be affirmed, unless there were errors committed by the court upon the trial of the cause which entitle the appellant to a new trial.

The first assignment of error is, that the judgment is not supported by the evidence, in that the claim is for the value of "two frame portable buildings in a knock-down state," and there is no evidence that the material attached constituted "frame portable buildings, or that it was such buildings in a knock-down state;" and the second assignment of error is, that the judgment of the court is contrary to the evidence, in this, that the allegation of the petition is "two houses in a knock-down state, including materials, the necessary and usual component parts of two complete houses, being among other materials, 'sash' and 'flooring;' whereas the undisputed evidence showed that the material levied on did not include 'sashes and flooring' for two complete houses, and that the houses were not ready to be joined together."

These assignments can not in our opinion be sustained. The evidence shows that the material levied on was the component parts of two buildings complete, with the exception of a portion of the sash and flooring for one of the buildings; and of a "few odds and ends," in the language of the witness. The rule which requires the allegata and probata to correspond and be confined to the issue was not violated by the court in rendering judgment for the plaintiff for $1638, the price at which he purchased the material appropriated by the appellant. Unless the allegations in the pleadings are words of essential

description, it is sufficient if the averments are substantially proved. 1 Greenl. on Ev., sec. 56.   The averments in the petition, that "the two houses were complete in all their parts and ready to be put up," are not "words of essential description" of the property charged to have been appropriated by appellant.

The third assignment by appellant is, that the judgment is unsupported by the law and the evidence, in this, that the petition alleged each house complete and in the condition described to be, of the value of $1000; and the evidence shows that some parts of the houses were missing from the material levied on, and therefore, in the absence of an allegation showing the value of the missing parts of the houses, the court was without power to determine the value of those parts of the houses which were shown to have been seized and appropriated by the appellant.   The petition charged that the houses levied on were of the value of $2000.   The evidence was, that the houses were sold to plaintiff for $1638, and that this sum was 25 per cent less than their actual value. The evidence further showed, that the two buildings when erected would be worth $2000, and that the cost of their erection, including the price of the missing parts, was about $200.   We do not think, therefore, it can be said that the court was without power to determine the value of the material which was appropriated.   The appellant can not complain that the plaintiff failed to recover for all of the material which he charged had been appropriated by appellant; nor should the latter complain that the damages awarded the plaintiff are not as large as were claimed.

The fourth, fifth, and sixth assignments of error assail the judgments overruling the defendant's several motions for a new trial.   There was certainly no error in overruling the original motion.   The motion asserted that the defendant had a meritorious defense, but failed to state what the defense was; nor was this defect in the motion supplied by the supporting affidavits of the defendant and of his attorney.   The second motion for a new trial, filed after the first had been disposed of, and more than two days after the judgment had been rendered, can not be treated as an amendment to the original motion; but if it could be considered as such, we can not say that the court erred in overruling the motion and refusing the defendant's prayer for a new trial. Two weeks before the day of the trial, the defendant was fully advised of the intention of plaintiff's counsel to try the case on the first day of the term, and yet he failed to be present or to notify his counsel of the purpose of plaintiff.   In this the defendant was guilty of negligence in preparing for his defense, which, under the circumstances of this case, warranted the court in refusing the new trial upon this second motion.

The fact that plaintiff's counsel should have disclosed to counsel for defendant, when advised by the latter that he would not be at court

before the second day of the term, that the cause, by agreement with previous counsel for defendant, had been set down for trial on the first day of the term, and that plaintiff would insist on a trial on that day, does not excuse defendant's neglect. And this is especially so when we consider the unsatisfactory evidence as to defendant's physical condition on the day of trial.

The law imposes diligence upon every litigant, and the courts are not permitted to await the pleasure of either plaintiff or defendant in making preparation for the trial of the cause.

The court did not err in striking from the docket, upon motion of the plaintiff, defendant's motion for a new trial, which was filed on the 19th of October, nineteen days after his second motion had been overruled. The motion presented no excuse or reason why this ground for a new trial had not been sooner presented. Had the motion been heard and considered by the court, it should have been denied.

We can not assent to the proposition submitted by counsel under the sixth assignment, that the court had no power under the law to try the case without a jury. The judge of the court is authorized to try any civil case without the assistance of a jury, unless a jury is demanded and the jury fee paid. There must therefore be a denial by the court of the privilege of a trial by jury, after demand made by the litigant in accordance with the statute, before a trial by the judge can be declared to be without authority of law; and before the judge can be held to have denied this privilege to a litigant, it must be shown that the judge was fully advised that the privilege was desired. The only evidence that the judge in this instance knew that defendant desired a trial by jury, is the fact that the judgment rendered in another county, and by another judge, recites that there was a trial by a jury. This is not sufficient to convict the judge of denying to the appellant a privilege secured to him by the law. Every intendment is in favor of the judgment. Did the record disclose that the judge was advised before the trial that a jury had been demanded, another question would be before us than the one now presented.

The judgment is affirmed.

*Affirmed.*

Delivered June 14, 1894.

Writ of error refused by the Supreme Court, October 15, 1894.