MAURITZ et al. v. MARKLOFF.    (No. 8603.)

(Court of Civil Appeals of Texas. Galveston. Jan. 7, 1925.)

**1. Landlord and tenant ☞251(4)—Description of crop converted sufficient and not materially variant from proof.**

Where landlord, relying on his lien, alleged conversion of rice raised by his tenants and further described it as that raised on certain leased premises and taken therefrom by certain of defendants, such description is sufficient, and proof showing it to have been raised on those premises by subtenant is not material variance.

**2. Landlord and tenant ☞251(4)—Description of crop sufficient, if it shows what crop is meant.**

In action by landlord for conversion of crop covered by lien, description of crop is sufficient, if it advises defendant what crop is intended.

**3. Landlord and tenant ☞246(4)—Landlord has lien on crop of subtenant.**

Landlord's lien created by Vernon's Sayles' Ann. Civ. St. 1914, art. 5475, exists against crops of subtenant.

Appeal from District Court, Jackson County; John M. Green, Judge.

Action by Mrs. Kate Markloff against T. N. Mauritz and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Geo. P. Willis, of El Campo, and John T. Vance, of Edna, for appellants.

Rose & Sample, of Edna, for appellee.

LANE, J. This suit was brought by Mrs. Kate Markloff against A. T. Landin, her tenant, to recover the sum of $1,600 due her for rental of her farm situated in Jackson county, Tex., for the year 1922, and against T. N. Mauritz, Fred Mauritz, Harry Mauritz, and the El Campo Rice Milling Company, for the same amount, alleging that they had converted to their own use, and placed beyond her reach, a certain quantity of rice of the value of $6,298.61 grown by Landin on her said farm during said year 1922, upon which she had and held a landlord's lien to secure the $1,600 due her by Landin.

The plaintiff alleged that she had entered into a written contract with A. T. Landin, whereby she rented and leased to Landin certain 350 acres of land owned by her in Jackson county, Tex., for the year 1922 (said land being fully described); that by the terms of said lease Landin obligated himself to plant and cultivate in rice as much as 200 acres of said farm, and to pay plaintiff out of the first rice harvested by him on said farm land $8 per acre for every acre planted and cultivated in rice on said land, and to pay a minimum of $1,600 at the time of harvesting said rice, whether he planted and cultivated as much as 200 acres in rice or not; that

by the terms of said written instrument it was agreed by and between her and Landin that she should have and maintain her statutory landlord's lien on all crops grown and harvested on said land during said rental year, to secure payment of all rents due her, and that none of said crop should be removed from said rented premises until said rent should be fully paid; that in pursuance of said lease and agreement Landin planted and cultivated on said land a crop of rice, consisting of something less than 200 acres; that on or about the 20th day of October, 1922, Landin harvested said rice crop, and carried the same, which was of the value of $6,298.61, *from said rented premises*, without the consent of plaintiff, and stored it in the warehouse belonging to and operated by said T. N. Mauritz, Fred Mauritz, and Harry Mauritz, doing business under the firm name of Mauritz Bros.; that on or about the 20th day of October, 1922, and several dates about said time, while plaintiff's rent was still due and owing by Landin, the defendants, El Campo Rice Milling Company, T. N. Mauritz, Fred Mauritz, and Harry Mauritz, without the consent of plaintiff, unlawfully converted to their own use said rice, and moved the same out of Jackson county to a place unknown to plaintiff; that by reason of such unlawful conversion of said rice and moving it from Jackson county to a place unknown to plaintiff said parties have destroyed plaintiff's security, and they are liable to plaintiff for her said debt.

Her prayer was for judgment against all of said defendants jointly and severally for $1,600, with interest thereon from date of said conversion. All of the defendants answered by general denial.

The cause was tried before the court without a jury and judgment was rendered against all defendants jointly and severally in favor of plaintiff for the sum of $1,600, with 6 per cent. interest thereon from the 31st day of October, 1922, until the same was paid. All defendants except A. T. Landin have appealed.

[1, 2] Appellants insist that as appellee in her petition described the rice which she alleged was converted by them, as rice planted, cultivated, and harvested by her tenant A. T. Landin, the court erred in permitting, over appellants' objection, appellee to show by evidence that the rice converted by appellants was planted, cultivated, and harvested by one Burdett, a subtenant of Landin, who had, by consent of appellee, subleased from Landin, in that such evidence was at variance with the allegations of the petition. And they further contend that since the evidence shows that the rice converted by them was rice grown and cultivated by Burdett, and not by Landin as alleged, appellee was not entitled to a recovery against them for conversion.

We cannot sustain either of the conten-tions made by appellants. The lease contract alleged by appellee is shown by the undisputed evidence. It is shown that Landin subleased a part of the land leased by him from appellee to one Burdett, by the consent of appellee; while it is true that plaintiff did allege that the rice in question was planted, cultivated, and harvested by A. T. Landin on the leased premises, and the evidence objected to showed that such rice was grown and harvested by Burdett on said premises, it is also true that appellee also alleged that said rice was the rice grown and harvested on said premises, and that it was the rice taken from said premises and placed in the warehouse of Mauritz Bros., which was by them and the El Campo Rice Milling Company converted to their own use. These last-mentioned allegations were, we think, amply sufficient to advise the defendants as to what rice was meant. The evidence objected to was not at variance with said allegations, and was admissible in support thereof. The matter material to be alleged was that which was sufficient to advise the defendants as to what rice they were charged with having converted to the damage of the plaintiff, and we think the allegations of the petition as a whole are sufficient to accomplish such purpose. We do not think that when the petition is read and considered as a whole the defendants could have been misled as to what rice they were charged with having converted.

The rice alleged to have been converted by appellants was, as before shown, not only described in the petition as rice planted and harvested by Landin, but it was further described as rice cultivated and harvested on the farm and land which plaintiff leased to Landin, and as the rice carried from said premises by Mauritz Bros. and placed in the warehouse. The fact that there was a variance between some alleged facts and the evidence is no reason for excluding evidence in support of other material facts alleged in the petition which if proven would authorize a recovery.

[3] That appellee had a lien upon the rice crop of the subtenant, Burdett, to secure her rent is well settled. Article 5475, Vernon's Sayles' Civil Statute 1914; Marrs v. Lumpkin, 22 Tex. Civ. App. 206, 54 S. W. 777; Horton v. Lee (Tex. Civ. App.) 180 S. W. 1169; Edwards v. Anderson, 36 Tex. Civ. App. 611, 82 S. W. 659; Trout v. McQueen (Tex. Civ. App.) 62 S. W. 928.

In 24 Cyc. p. 1260, the following rule is stated:

"If all substantial facts necessary to constitute a cause of action by a landlord for conversion of his tenant's property are alleged in the complaint, either expressly or inferentially, it will be sufficient."

And in Cyc. pp. 2067, 2068:

"As plaintiff in trover does not seek the recovery of the specific chattel or chattels, a gen-

eral description which states the nature or kind of goods alleged to have been controverted, and also the quantity, value or location, will suffice."

In Kottwitz v. Bagby, 16 Tex. 661, it is held that, while the proof must conform to the material and essential allegations of the pleadings, allegations not material may be treated as surplusage, and need not be proven, and in Ellis v. Bonner, 7 Tex. Civ. App. 539, 27 S. W. 687, it is held that, unless the very words used in the pleading are words of essential description, they need not be proven, but in such case it is sufficient to prove the substantial averments of the petition.

To the same effect are the holdings in the cases of Brown v. Sullivan, 71 Tex. 476, 10 S. W. 288, last paragraph; San Antonio Traction Co. v. Court, 31 Tex. Civ. App. 146, 71 S. W. 777.

In 31 Cyc. pp. 701, 702, 703, it is said:

"In determining whether there is a variance between the evidence and the allegations, the whole scope of the pleading and evidence should be considered. There is no variance if the proof sustains a portion of the allegations of the pleading, provided such portion amounts to a cause of action, according to the general principle that, if the pleader alleges more than is necessary, the additional allegations need not be proved. * * * If the proof substantially supports the allegations, it is sufficient. A variance which does not affect the gist of the action as alleged is immaterial. And material variance cannot be predicated upon immaterial or superfluous allegations nor upon immaterial matter of inducement, nor upon unessential matters of detail. * * * It has been decided in a number of cases that a variance to be material must be such as to mislead or surprise the adverse party."

We conclude that the matter, material to be alleged, was that appellants had converted the rice grown upon the leased premises to their own use to the injury of appellee, and there was no variance as between the allegations of appellee's petition and the proof made on the material issue.

The plaintiff's cause of action is by her petition predicated upon the charge that appellants had converted to their own use certain rice grown and harvested upon the land leased by her to Landin, upon which she had a landlord's lien. We think the allegations of the petition sufficiently identified the rice sought to be described independent of the allegation that it was planted, cultivated, and harvested by Landin. We do not, as before said, believe that appellants could have reasonably been misled by the allegations last mentioned as to what rice was referred to in the petition. There was, we think, no material variance between the allegations of the

petition and the proof admitted in support of the material issue.

For the reasons pointed out, the judgment is affirmed.

Affirmed.