## GULF, C. & S. F. RY. CO. et al. v. STEPHENSON. (No. 8662.)

(Court of Civil Appeals of Texas. Galveston. April 2, 1925. Rehearing Denied April 30, 1925.)

**1. Limitation of actions ⬅➡127(8)—Amended petition held not to state new cause of action.**

In action against railroads for injury to crops by entry of stock through opening in fences, made by railroads in fencing their right of way, amended petition, filed more than 2 years after accrual of cause of action, and describing fences more in detail, *held* not to state new cause of action.

**2. Fences ⬅➡27—That railroad's contractor tearing down fences, allowing ingress of stock, was not acting under orders, immaterial.**

Under Rev. St. arts. 3932–3934, where railroad left plaintiff's fences extending to its cattle guards, thus becoming joint owner with plaintiff of fences on right of way, their later removal without consent or notice, allowing stock to come in and destroy crops, *held* to render it liable, though its contractor may not have been acting under specific instructions in removing fences, and though he also removed fences not on the right of way.

**3. Master and servant ⬅➡318(1)—That person removing fence causing damage to crop was independent contractor held not to defeat claim against railroad.**

That party tearing down fences of adjoining owner extending to cattle guards on right of way, without consent or notice, as required by Rev. St. arts. 3932–3934, thus permitting stock to enter, was independent contractor, was immaterial, especially where he acted under affirmative directions to do wrongful acts.

**4. Trial ⬅➡192—Charge assuming what uncontroverted proof showed not error.**

In action for destruction of crops by trespassing stock, where undisputed evidence showed the destruction was caused by the trespassing stock in the manner alleged, charge assuming those uncontroverted facts *held* not error.

Appeal from Galveston County Court; E. B. Holman, Judge.

Suit by J. E. Stephenson against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Terry, Cavin & Mills and Chas. L. Barrow, all of Galveston, for appellants.

Frank S. Anderson, of Galveston, for appellee.

GRAVES, J. The appellee recovered judgment for $900 damages, with interest and costs, found by the jury to have been suffered by him as a result of the destruction of his crops by hogs and stock, entering his premises through openings made in his fences by appellants in fencing their right of way, which ran through his farm.

The appellants rely for reversal of the judgment upon contentions that appellee's trial petition stated a different cause of action from that originally sued upon, and that it was barred by limitation; that the judgment did not conform to the pleadings, proof, and verdict, in that the jury found that Louis Mays was not acting under instructions from appellants in removing any part of the fence built by appellee which was not on the right of way; that it was shown that Louis Mays was an independent contractor and not the agent or servant of appellants, wherefore they were not responsible for his acts; that the testimony showed that the construction of the fence was not the cause of the destruction complained of; and, finally, that the charge of the court was upon the weight of the evidence.

[1] After a careful consideration of the cause, we conclude that none of these contentions can be sustained. It is true the trial petition—in form a trial amendment—was filed more than 2 years after the cause of action had accrued, but we do not think it can be said to declare upon a different cause of action than that attempted to be set up in the original petition. While the original petition alleged that appellants "tore down and removed the fence along and upon each side of the right of way of the defendants' said railroad running through and upon the plaintiff's said premises," and the trial amendment charged that they "tore down and removed the fence so built by the plaintiff upon and over said right of way, and separated the plaintiff's said fences from the fence of the defendants, so built upon and along the boundaries of said right of way," under the plain purport of the pleadings as a whole, it is clear that only a single wrong was intended to be averred, and that it was, in substance, one and the same in both petitions. The original petition alleged the cause of action for damages to crops destroyed by hogs and stock entering appellee's premises on or about August 10, 1916, by reason of the acts of the appellants in unlawfully tearing down and removing fences along and upon the sides of the right of way, which ran through and upon his lands, while the trial amendment declared upon the same cause of action, averring specifically and in more detail the location of the fences along and upon the sides of the track and the wrongful

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

acts complained of, making it clear, as the former one did not, that appellee's fences that he complained of having been torn out, in so far as they were upon the railroad's right of way at all, ran at each end of his farm up to the railroad track as if to cross it, and not parallel to or along it, as might have been the inference from the original manner of statement. The material thing to be alleged was that the crops were destroyed through the negligent and wrongful acts of the appellants in tearing down and removing the fences upon the right of way that had afforded protection, and the fact that they were first described as being "along and upon each side" of it and later as being "upon and over" it amounted only to an immaterial error of detail. Mauritz v. Markloff (Tex. Civ. App.) 268 S. W. 230; Freeport, etc., v. Hudgins (Tex. Civ. App.) 212 S. W. 287.

[2] The second objection, based on the jury's finding that Mays did not act under appellants' instructions in tearing down such part of appellee's fence as was not on the railroad right of way, is likewise ineffective. The action was grounded upon a violation of R. S. arts. 3932–3934, and the substance of the wrong charged and shown by the proof was that appellee's fences that extended to and upon the right of way were so removed by appellants' agents, without the consent of or any notice to appellee, as to cause the damage suffered, and, in the circumstances appearing, it became immaterial whether any such instructions as were thus negatived by the jury's finding were given or not. The undisputed evidence showed that, prior to the coming of the railroad, the appellee had fences around his cultivated land, protecting it from the depredations of stock; that when the railroad was first built through his inclosure from east to west gaps in these lines of his fences were cut to permit passage of the railroad tracks, cattle guards being substituted in these places so as to still keep the stock out, those parts of appellee's fences extending up to the cattle guards being left upon the right of way, thus constituting joint or partnership fences; that later on, that is, on August 10, 1916, the railroad companies fenced the lines of their right of way, and in doing so, without the knowledge or consent of, and without notice of any sort to, the appellee, tore down and removed these fences of his, separating and throwing them back away from their right of way fences, thereby furnishing the means for stock running at large to get into his fields and destroy his crops. That the crops were in fact destroyed as a direct result of these acts was not controverted; in other words, the basis of the cause of action was that the railroads were thus joint owners with appellee of the fences so on the right of way and crossing their tracks, and their removing them without his consent or notice to him, as a conse-

quence of which the stock came in and destroyed his crops, constituted toward him a violation of the duty enjoined by the statutes mentioned upon one joint owner not to do that without the consent of, or notice for a specified time to, the other. The gravamen of that wrong, and the destruction of the crops as the result of it, including the violation of this statutory duty toward the appellee of either obtaining his consent to the withdrawal of the railroads' portions of the jointly maintained fences or of giving him the prescribed advance notice thereof, having been undisputedly shown, as before stated, it was a matter of no material consequence that there was further testimony tending to indicate that stock of both kinds may also have gotten into the cultivated lands at the places where appellee's fences were thrown back off of the right of way beyond those of appellants, and that the latter were not hog proof, and hogs could get through them. These conclusions dispose of the fourth contention also.

[3] The claim that appellants were not responsible for Mays' acts, because he was an independent contractor, under the facts here, presents no defense. The contractor in this instance testified (nor was his statement controverted in any way) that, under direction from the superintendent of the railroad companies, he tore out appellee's fences on the right of way, throwing them back and separating them from the railroad fences on each side of it, so that gaps were thus left between the appellee's fences and those of the appellants on both sides of the railroad track, through which stock entered and destroyed his crops. The statutes referred to required that, before the separation could rightfully be effected, either appellee's consent must be obtained, or advance notice be given him so he could protect his crops. This was not done, and for the nonperformance of the duty appellants are liable, especially so here, since they affirmatively directed the wrongful acts. R. R. Co. v. Meador, 50 Tex. 77.

[4] The complaint that the court's charge was upon the weight of the evidence is without merit. There was no dispute in the testimony that hogs and stock did stray upon the appellee's lands after the separation of his fences from those of appellants, built along and upon the boundaries of the right of way through his land, and the undisputed evidence showed that the appellee's crops were damaged by hogs and stock going upon his lands through the openings made by the separation of his fences from the right of way fences. There was accordingly no error in thus assuming what the uncontroverted proof showed.

Further discussion is deemed unnecessary; the assignments have been overruled, and the trial court's judgment affirmed.

Affirmed.