## J. O. WHEELER v. W. WOOTEN AND OTHERS.

After a bond given for a trial of the right of property has served its purpose in securing to the claimant a trial of that right, and after judgment against him upon that issue, and a failure upon his part to surrender the property within the time prescribed by law, it is not competent for him to move the quashal of his own bond, thereby to escape the consequences of his failure to surrender the property.

If the obligor in such a bond have any equitable defence against the execution awarded against him on the forfeiture of the bond, he cannot assert it by motion; but such equitable matter ought to be fully set forth by a bill for an injunction.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This was a motion made by the appellant to quash his bond for the trial of the right of property in two slaves, taken in execution under a judgment in favor of W. Wooten against Means & Smith; and also to quash an execution emanating from said bond, on its return by the sheriff as forfeited by reason of the failure of the appellant to surrender the slaves in compliance with its conditions, the trial of the right of property having resulted adversely to the appellant.

In his motion, the appellant alleged sickness, and other reasons for his failure to return the negroes to the sheriff within the time limited by law, and set forth his interest in the negroes by virtue of a deed of trust under which the negroes were still liable for the security of the debt due to him from Means, one of the defendants in the judgment recovered by Wooten.

The trial of the right of property was had in the District Court of Gonzales county at the Fall Term, 1858, and the issue was determined there in the claimant's favor; but on appeal to the Supreme Court, the judgment was reversed and the case dismissed. The mandate from the Supreme Court being filed in the district clerk's office, and Wheeler failing to deliver the negroes to the sheriff within ten days thereafter, as required by law, the bond

17*

was returned forfeited, and the clerk thereupon issued an execution against said Wheeler and his sureties.

It was alleged by Wheeler in his motion that he received no notice of the filing of the mandate, and was never called on by the sheriff for the negroes. That soon after he received notice of the filing of the mandate from the Supreme Court, he tendered the negroes to the sheriff, who refused to receive them because he had already declared the bond to be forfeited. And the petition charged the pretended forfeiture of the bond to be null and void, and that the execution, therefore, emanating therefrom, was illegal and void.

W. Wooten, plaintiff in the original judgment, and William Means, one of the defendants therein, were made defendants to to this motion. They excepted generally and specially to the sufficiency of the motion, and also filed answers.

On the trial, the court sustained some of the exceptions taken by the defendants, and, a jury being waived, overruled the motion of Wheeler. A new trial was asked and refused.

*Stewart,* for plaintiff in error.

*Harwood & Mills,* for defendants in error.

BELL, J.—The court below did not err in overruling the motion to quash the bond. After the bond had served its purpose of securing to the obligor a trial of the right of property, after judgment against him upon the issue involved in that suit, and after failure to return the property to the custody of the sheriff, in conformity with the statute, it was not competent for him to move the quashal of his own bond and thus escape the consequences of his failure to surrender the property. If the party could be heard to allege any equitable defence against the execution which the statute awarded upon his failure to return the property, that could not be done by a simple motion; but such matters ought to be fully set forth in a bill for injunction. In this matter the plaintiff in error has proceeded by injunction as well as by the present motion, and in disposing of this case, we do so without

prejudice to the injunction suit, which will be held under advise-ment until the next term. The judgment of the court below in this case is affirmed.

Judgment affirmed.