Willie, Chief Justice.
Appellees, having a judgment against one Warner Dawson, had execution issued thereon, and levied upon a quantity of seed cotton belonging to Dawson, and found upon the premises of the appellant. The officer making the levy removed the cotton from these premises to a gin house and had it ginned and packed into two bales of cotton. These he sold under the execution to the appellees, who bought them subject to Wilkes’s lien, hereafter mentioned, and took them into possession. Dawson was a tenant of Wilkes, and raised the cotton on the land rented of the latter.during the year in which the levy was made. So soon as Wilkes saw that the cotton was about to be removed from the rented premises, he brought suit in a justice’s court against Dawson for what was due for advances made him in order to enable him to make the crop of that year.
Appellant obtained judgment with foreclosure of lien on the two bales of cotton, and they were ordered to be sold in satisfaction of the same. Under this order of sale the two bales of cotton were seized, but released upon appellee’s filing affidavit and claim bond for a trial of the right of property, which is the present proceeding.
Appellant tendered issue to the effect that the cotton was subject to his landlord’s lien. The appellees also tendered issue alleging that they claimed the cotton by reason of their purchase *693 under the judgment obtained by them against Dawson, and further alleged that they were not bound by Wilkes’s judgment, because they had no notice of the foreclosure. In the justice’s court judgment went for Wilkes, and the appellees appealed to the district court, and there judgment was rendered in their favor. From this judgment Wilkes appeals to this court.
He claims that the appeal bond, by which the case was taken from the justice’s court to the district court, was insufficient, and that his motion for dismissal of the appeal, made in the latter court, should have prevailed. We do not think so. The objection was, that the bond did not show before what justice’s court the judgment appealed from was recovered; and that it does not refer to any plaintiff by name, or to any styled or numbered cause. The caption set forth the number of the case and the names of the parties thereto, and describes it as being “in the .justice court of Camp county, precinct number one.” The body ■of the. bond recites a recovery by the plaintiff against the defendants and their sureties on the claim bond, giving a correct ■description of the recovery. The language used in the bond can be referred to no other plaintiff and defendant, to no other case, and to no other court except those mentioned in the caption; and taking the'caption and the body of the'bond together, a perfect description of the judgment is.obtained. We think the motion to dismiss was properly overruled.
The testimony shows that the cotton levied on was worth sixty dollars, and there was on the premises cotton (whether gathered or not was not shown), worth fifty-six dollars; exempt corn worth twenty-eight dollars, and a horse subject to the landlord’s lien worth sixty dollars. The appellant’s judgment was for one hundred and one dollars and ninety-four cents. It had been reduced by payment, but when was not shown, to seventy-five dollars and costs. The cotton in dispute brought at constable’s sale forty-four dollars and forty-four cents. The statement of facts recites that the evidence showed that there was sufficient property subject to the landlord’s lien outside of the cotton claimed by the appellees.
Our statute gave Wilkes a preference lien on all the property mentioned, and no one could obtain a superior one, or one of equal dignity upon this property so long as the landlord’s lien was in force. The tenant could not remove any part of this property from the premises without subjecting it to the most stringent process of the law, much less had any one else the *694 right to carry it off and defeat the lien of the landlord for his own benefit. The whole proceeding on the part of the appellees in having the cotton levied on, removed and sold to themselves, at public sale purports to have been done subject to the landlord’s lien. But after haying bought in subordination to Wilkes’s lien, they claimed that he had none, because they left upon the premises enough property to pay his rent. That is, they claim that if there is enough property left to pay the landlord’s debt, there is no lien upon that which is taken away. If the-statute had so intended, it would have said so—at least it would not have provided directly to the contrary. It would have said that the landlord should have a lien upon enough property to-pay his rent money, instead of saying that he should have a preference lien upon the whole of it. It would have provided that if there be enough left to pay the rent, the remainder might be removed, instead of declaring that if any portion of it be removed the landlord may forthwith enforce his lien against the property. It is not denied, and can not be, that the cotton in dispute was bound by the landlord’s lien whilst it remained on Wilkes’s land. Where, then, are we to find the authority for saying that the removal of it extinguishes that lien ? A creditor would be taking advantage of his own wrong, if by doing an act discountenanced by the statute he could defeat its provisions for his own benefit; and it would, to say the least, be singular if a creditor could by setting in motion the machinery provided for the enforcement of the landlord’s lien, destroy it altogether.
The doctrince of equity which allows securities to be marshaled for the benefit of a junior mortgagee has nothing to dp with this case. ISTo such relief was asked, but the claimants rested upon their legal rights, denying that the appellant had any lien upon the cotton. A junior mortgagee seeking such relief could not obtain it, if his claim bwed its existence to an act which is discountenanced by statute. To grant the relief, too, it must be made to appear that the senior claimant will not be inconvenienced or delayed in the collection of his debt. (Coker v. Shropshire, 59 Alabama, 542; Sweet v. Redhead, 96 Ill., 374; 3 Pom. Eq., sec. 1414.)
Whilst it was stated in this case that there was property enough left on the premises to pay the appellant’s judgment, it is not shown that there was enough for that purpose that could be so conveniently subjected to the lien as would certainly have satisfied his debt at the time this was seized under execution or *695 sold to the appellees, or at the time the appellant’s lien was foreclosed. The appellees had no right to take the cotton already-gathered, and remit the appellant to that which was still upon the stalk in the field; to take cotton, which has always a market price, and let the landlord look to the uncertain price that a horse would bring when sold at public sale, to obtain his money. Besides, property seldom brings its estimated value at public sale. This was illustrated in the present case. The cotton in dispute, estimated to be worth sixty dollars, brought at public sale less than three-fourths of that sum. If the other articles had fallen off in the same ratio they would not have paid the plaintiff’s judgment of one hundred and one dollars and ninety-four cents with interest and costs of suit.
Opinion delivered October 28, 1887.
In our opinion, the preference lien given to a landlord is not to be defeated by any action on the part of the tenant himself, his creditors or purchasers claiming under him, so long as the property remains on the premises, and for one month after its removal therefrom; that as the statute says that the lien shall -extend to all property of a certain description, it does so, regardless of the amount due the landlord and the value of the property.
To confine the lien to sufficient property to pay the landlord’s bill would be to change the reading of the statute, and subject the landlord to the annoyance and expense of numerous suits to assert his rights, and require him to be always provided with proof as to the value of the property left in his possession after a portion had been removed without his consent. The appellant promptly asserted his lien in this case in an appropriate manner, for he was not obliged to resort to a distress warrant (Bomein v. Edmundson, 58 Texas, 675), and he is entitled to foreclose his lien and subject the property to the payment of his judgment.
The judgment below is therefore erroneous, and will be here reversed and judgment rendered for the appellant, against the appellees and the sureties on their claim bond, for sixty dollars, the proven value of the cotton, and interest thereon from ninth November, 1885, six dollars damages, and all costs of this court and the court below.
Reversed and rendered.