WALHOEFER BROTHERS v. HOBGOOD, BROWN & CO.

Motion Decided November 30, 1898.

ON MOTION FOR REHEARING.

**1. Liens—Marshaling Securities.**

A creditor secured by two funds,—another creditor having a lien on one of them only,—must, if not delayed or inconvenienced thereby, seek satisfaction out of the fund which the latter can not touch.

**2. Same.**

This principle applies though the creditor having the lien against both has also purchased the property subject to his lien alone,—the other lienholder in such case acquiring a lien against such property by substitution.

MOTION for rehearing in an appeal from Hays County, in which judgment was affirmed on February 23, 1898.

The original opinion in this case is reported in 18 Texas Civil Appeals, 291. The opinion on rehearing was not with the record which reached the hands of the Reporter for publication in that volume.

*F. J. Maier* and *Cook & McBride,* for appellant.

*Brown & Pritchett,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—We can see no satisfactory reason for granting the motion of appellants for a rehearing, nor for changing our views as stated in the original opinion.

Appellant's counsel contends strenuously that we committed error in not sustaining assignments of error which assail the ruling of the court below, to the effect that Walhoefer Bros. would be required to apply to their claim for rent, first, the cotton and products of the farm obtained by them from the subtenants of Harvey, who rented from Nalle. In effect, this was the holding of this court and the court below. The rental lien covered all the products of the farm raised by the tenant Harvey and by his subtenants. Plaintiffs' lien could be applied only to the interest of Harvey in the crops. After the rental lien of Walhoefer Bros. was satisfied from the proceeds of the crop of all parties, there would be an insufficiency to satisfy the mortgage debt of plaintiffs. This is shown by the verdict of the jury, which does not fully satisfy the debt of plaintiffs.

The equitable rule of marshaling securities is, that "a person having two funds subject to his demands shall not by his election disappoint a party having but one fund. The general rule is that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only—as, for example, when a mortgagee holds a prior mortgage on two parcels of land, and a subsequent mortgage on but one of the parcels is given to another—the former must seek satisfaction out of the

fund which the latter can not touch. If, therefore, the prior creditor resorts to the double charged fund, the subsequent creditor will be substituted as far as possible to his rights." 3 Pom. Eq., sec. 1414. The rule is so modified by the condition that the "paramount incumbrancee shall not be delayed or inconvenienced in the collection of his debt, for it would be unreasonable that he should suffer because some one else has taken imperfect security."

This condition was applied by the Supreme Court of this State in the case of Wilkes v. Adler, Goldman & Co., 68 Texas, 689, where it was held that a junior mortgagee could not compel the landlord to seek satisfaction for his rental lien out of cotton on the stalk, though there was enough to pay the claim, the junior mortgagee taking the cotton already gathered. It was held in the case cited that the landlord had a prior lien on all the crop and could not be made to resort to the ungathered crop, but was entitled to satisfaction out of the cotton gathered in the seed, which had been levied on by execution against the landlord, thus securing a junior lien by the levy.

The case we have under consideration is quite different. Walhoefer Bros. bought the landlord's claim and enforced the same on the crop. They came into possession of the crops raised by the original tenant and his subtenants, more than enough to pay the landlord's lien. Equity would require them to apply the fund according to the general rule, so as to discharge their landlord's claim out of the fund arising from the crop upon which plaintiffs had no lien. Walhoefer Bros. would not, in this way, suffer any inconvenience, as they had in their possession both funds.

Appellants insist that the cotton *bought* by them from the subtenants would be free from the rule stated. We have concluded, after due consideration, that their coming into possession of the subtenants' cotton by purchase from such tenants would not affect the rule; and whether Walhoefer Bros. obtained the subtenants' cotton by purchase or by another method, as taking the same under distress warrant and afterwards failing to account to the subtenants for it, the rule stated is still equitable and should be enforced. The purchase of cotton from the subtenants, upon which there was a superior lien, did not destroy the lien, and the proceeds of the cotton in Walhoefer Bros.' possession must be applied to the extinguishment of the lien. This is just and equitable to all the parties.

The motion for a rehearing is overruled.

*Motion overruled.*