## J. N. GROESBECK v. J. T. EVANS.

### Decided June 28, 1905.

**1.—Landlord's Lien—Pleading—Inconsistency.**

Where a creditor of a tenant levied on certain rice grown on the rented premises and the landlord filed a claimant's bond for trial of the right of property and alleged in his pleading that he had a lien on the rice and also that, prior to the levy, the tenant, in settlement of what he was due for rents and advances, had transferred and delivered the rice to the landlord, there was no such inconsistency as rendered the pleading bad on general demurrer, since the landlord, had he failed to show a valid transfer of the rice, would still have been entitled to recover upon showing a valid lien, the rice having been seized while it was still on the rented premises.

**2.—Same—Trial of Right of Property.**

The tenant had not the right to remove the rice until the landlord's lien claim was satisfied, and the creditor could acquire by his levy no greater right than the tenant had, and as the statutory trial of right of property determines no question except that of the right of possession, it was a proper remedy for the landlord to invoke, although he could not have his lien foreclosed in that proceeding.

**3.—Same—Landlord's Right of Possession.**

The landlord has not the right of possession as against the tenant, however, and a levy upon the tenant's interest would be valid where the crop is not removed from the premises.

Appeal from the County Court of Liberty. Tried below before Hon. M. D. Rayburn.

*Marshall & Dabney,* for appellant.

*E. B. Pickett, Jr.,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, J. T. Evans, in a suit brought by him against J. D. Owens procured the issuance of a writ of attachment and said writ was, on November 23, 1903, levied upon 130 sacks of rice claimed by appellee to be the property of Owens. Appellant claimed the rice, and in due time filed a claimant's affidavit and bond as required by the statute for a trial of the right of property. The appellant filed in the court below quite a lengthy pleading setting out fully his claim to the property in controversy. This pleading alleges in substance that the rice in question was grown on appellant's farm in the year 1903 by J. D. Owens who was appellant's tenant during said year; that said Owens was indebted to appellant in the sum of $484 for advances, tools and supplies furnished him by appellant to enable him to make said crop of rice, and that appellant acquired a landlord's lien upon all of the crop raised by Owens on appellant's farm during said year to secure said indebtedness; that the rice in question had not been removed from said premises at the time it was levied upon, and that it was subject to appellant's said lien and was in his possession at the time of the levy. He further alleges that Owens was his tenant during the year 1902 and became indebted to him for supplies and advances made to him during said year in the

sum of $1,900; that on November 19, 1903, Owens, in part payment of said indebtedness, transferred and delivered to him all of the rice to which said Owens was entitled by reason of the rental contract between him and appellant' for the year 1903. This pleading concludes as follows:

"That on the said 19th day of November, 1903; the defendant took possession of all of the said rice on said place, that which had been set apart to defendant, as well as that which had been set apart to said Owens, and that defendant became the legal owner of all of the rice on said place, including that rice on which the attachment was levied herein, and that defendant was in possession of same on the said 19th day of November and continued thereafter until and including the 23d day of November, when the said rice was seized.

Defendant further shows the court that the transfer and delivery to him by the said Owens of said rice was in good faith and was for value and was not made for the purpose of enabling the said Owens to hinder, delay or defraud his creditors. That in truth and in fact the amount of rice turned over, transferred and delivered to defendant by the said Owens was greatly inadequate in value to pay the amount of the indebtedness of the said Owens to defendant as above set out, and that the said Owens is now indebted to defendant in, to wit, the sum of $1,500. Premises considered defendant prays that he have judgment herein for the property and for a foreclosure of his landlord's lien on the same, and for full and general relief in law and equity, for costs of suit, and this he will ever pray."

The appellee (plaintiff in the court below) filed a general demurrer to the pleading of appellant above set out. This demurrer was sustained by the trial judge and the defendant declining to amend or plead further, his claim was dismissed and judgment rendered in favor of plaintiff against defendant and the sureties on his claimant's bond for the value of the rice in controversy and all costs of the proceedings.

The demurrer should not have been sustained. The pleading alleges that the defendant was a lienholder in possession of the property at the time it was levied upon, and further, that in satisfaction of said lien indebtedness the property had been transferred and delivered to defendant. It is evident that the lien and the transfer of the property in satisfaction of the indebtedness secured by such lien were both pleaded so that in case the transfer should for any reason be held invalid, the defendant might still establish his right to recover the property by showing that he was in possession and had a valid lien thereon at the time of the levy. There is no such uncertainty or inconsistency in the pleading as would render it bad when assailed by a general demurrer. As against a general demurrer all intendments are in favor of the pleader. (Townes on Pleading, p. 304.)

The facts alleged by the defendant, if true, entitled him to recover the property. If he should fail to show a valid transfer of the rice to him by Owens, he would still be entitled to recover upon showing a valid lien thereon and that he was in possession at the time the levy was made. (Blanton v. Langston, 60 Texas, 149; White v. Jacobs, 66 Texas, 464; Willis Bros. v. Thompson, 85 Texas, 307; Osborn v. Koenigheim, 57 Texas, 95; Buckley v. Lancaster, 40 S. W., 631.)

We know of no case in which the question has been expressly decided, but we are of opinion that the crop of a tenant who is indebted to his landlord for rents, supplies or advances must be considered in the possession of the landlord so long as it remains upon the rented premises. The statute expressly prohibits the tenant from removing any of the crop from the rented premises without the consent of the landlord until all amounts due the landlord for rents, supplies and advances have been paid. (Rev. Stats., art. 3108.) A creditor of a tenant by a levy upon the tenant's crop could acquire no higher or superior right in the crop than that possessed by the tenant at the time of the levy, and as between a creditor who had levied upon the crop while it was on the rented premises and the landlord who held a statutory lien upon the crop, in an action for a trial of the right of property the landlord should prevail.

If the value of the tenant's interest in the crop exceeds the indebtedness due the landlord, this excess could be reached by a garnishment proceeding against the landlord, or a levy could be made under the statute by giving notice to the landlord (Rev. Stats., art. 2292), but the possession of the landlord can not be disturbed until his lien has been satisfied. It is well settled that in an action of this kind the priority of liens will not be determined, the only question that can be determined in such action being that of the right of possession of the property. (Railway v. Smith, 55 Texas, 266.) Such being the scope of the action, appellant could not have his landlord's lien foreclosed in this proceeding, and his prayer asking for that relief was subject to exception. If the prayer for foreclosure be stricken out, the remainder of the pleading is. sufficient to entitle appellant to maintain his claim.

The judgment of the court below is reversed and the cause remanded.

### SUPPLEMENTAL OPINION.

In our opinion in this case filed at a former day of this term in discussing the right of a creditor of a tenant to levy upon and take from the rented premises crops grown thereon by the tenant, we make the following statement:

"We know of no case in which the question has been expressly decided, but we are of opinion that the crop of a tenant who is indebted to his landlord for rents, supplies or advances must be considered in possession of the landlord so long as it remains upon the rented premises."

This language is too broad, and if taken literally is an erroneous statement of the law. All that we intended to hold, as is shown by the opinion when read as a whole and applied to the facts of the case, was that the landlord had such possessory rights in the crop as would entitle him to prevent its removal from the premises by a creditor of the tenant under a writ of execution, and to maintain an action for the trial of the right of property in order to have the property, if so removed, returned to the premises. The landlord has no right of possession as against the tenant, and a levy upon the

tenant's interest where the crop is not removed from the premises would be valid.

The further expression in the opinion that the creditor could reach the tenant's interest in the crop by garnishment proceedings is correct only as applied to the facts alleged in the petition, that the tenant had placed the crop levied on and which had been previously gathered, in the possession of the landlord as security for indebtedness due him. We deem it proper to thus modify the expressions in the opinion above referred to in order that our holding may not be misunderstood.

*Reversed and remanded.*