## J. T. EVANS v. J. N. GROESBECK.

### Decided February 17, 1906.

**1.—Landlord's Lien—Trial of Right of Property.**

While the seizure and removal of the crops on the rented premises by execution against the tenant is an invasion of the landlord's rights which he can protect by proper proceedings, it does not invade a right of possession, because he had none by virtue of his statutory lien, and therefore he can not resort to the remedy of a trial of the right of property. Groesbeck v. Evans, 11 Texas Ct. Rep., 445; id. 13 Texas Ct. Rep., 659, overruled.

**2.—Possession of Landlord—Undisputed Evidence—Peremptory Charge.**

A tenant being indebted to his landlord agreed to, and did in fact turn over to him the entire crop raised on the farm with the understanding that the landlord should sell the crop and apply the proceeds as far as necessary to the payment of the tenant's indebtedness, and return the balance, if any, to the tenant The tenant was engaged in gathering and shipping the crops to the landlord when the attachment was levied. These facts were undisputed, and there was no evidence of fraud in the agreement. Held, in a suit for the

trial of the right of property between the landlord and an attaching creditor the court properly instructed a verdict for the landlord.

**3.—Landlord's Lien—Entire Crop.**

The landlord has a lien on the tenant's entire crop, and no portion of the same can be subjected to the debt of a third party by showing that sufficient of the crop remains to satisfy the landlord's demands.

Appeal from the County Court of Liberty County. Tried below before Hon. T. C. Crane.

*Edw. B. Pickett, Jr.,* for appellant.—The lien of a landlord does not give him such a right to possession of a crop of his tenant as will entitle him to assert that right in the statutory proceeding of trial of right of property against an attaching creditor of the tenant. Raysor v. Reid, 55 Texas, 266; Garrity v. Thompson, 64 Texas, 598.; Belt v. Raguet, 27 Texas, 472; Willis v. Thompson, 85 Texas, 307; White v. Jacobs, 66 Texas, 464; Erwin v. Blanks, 60 Texas, 585; Pace v. Sparks, 1 U. C., 404; Laux v. Glass, 1 App. Civ. Cases, sec. 1182.

If a landlord has received from his tenant a part of the crop raised by his tenant, which is equal or more than equal in value to the amount due the landlord for rent and advances, the landlord is not entitled to recover from an attaching creditor any other part of the crop raised by his tenant. Zapp v. Johnson, 87 Texas, 641; Wahrmund v. Edgewood, 32 S. W. Rep., 228.

*H. E. Marshall,* for appellee.

PLEASANTS, Associate Justice.—This is an action for the trial of the right of property, brought under the statute authorizing and governing such proceedings. The appellant, who is a creditor of one J. D. Owens, brought suit against him, and procured the issuance of a writ of attachment, which was levied upon 130 sacks of rice found on the farm which was occupied by Owens as a tenant of appellee. Upon the seizure of the rice under this writ appellee filed a claimant's oath and bond, as required by the statute, for a trial of the right of property.

Appellee's claim of right to the possession of the rice is based in his pleading upon two grounds:

First. That it had been transferred to him by Owens in satisfaction of an indebtedness due him by said Owens, and

Second. That, if he had not acquired the title to the rice by said transfer, he had a lien on it to secure said indebtedness, and it had been turned over to him by Owens to be sold, and the proceeds applied to the payment of the indebtedness, the excess of such proceeds, if any, to be returned to Owens.

This is the second appeal of the cause, and upon the former appeal we held that either of the grounds above stated was sufficient to entitle appellee to maintain the suit, and that a general demurrer to his pleadings should not have been sustained. (Groesbeck v. Evans, 11 Texas Ct. Rep., 445.)

We also held, in the opinion rendered on that appeal, that the crop

of a tenant who was indebted to his landlord for rents, supplies or advances, should, so long as it remained upon the rented premises, be considered to be in the possession of the landlord, as against a creditor of the tenant who sought to subject it to his debt, and that if such creditor should levy upon the crop, and remove it from the rented premises, the landlord could, as a lienholder in possession of the property, maintain an action for the trial of the right of property under the statute authorizing such proceedings. The language used in the original opinion on that appeal was too broad and unqualified to accurately express our meaning, but in a supplemental opinion subsequently filed in the case (13 Texas Ct. Rep., 659) we qualified the expressions of the original opinion, and declared our holding to be as above stated. The decision of the question of the right of a landlord to maintain an action for the trial of the right of property by virtue of his lien, and the provision of the statute which prohibits the tenant removing the crop from the rented premises without the consent of the landlord, was not necessary for the disposition of that appeal, nor is it necessary in the determination of the case now before us. We have, however, been impressed with the force of appellant's argument upon the question, and have reached the conclusion that the reason upon which our former decision upon this point was based is not sound, and that the conclusion then reached can not be reconciled with former decisions of our higher courts, which, while not directly deciding this question, have announced a different rule in cases involving the same principle.

In our former discussion of the question we gave too much importance to the provision of the statute prohibiting the removal of the crop from the rented premises without the consent of the landlord. That provision can not be properly construed as affecting the question of the landlord's possession or right of possession, and, while the seizure and removal of the crop upon execution against the tenant is an invasion of the landlord's right, which he could protect by proper proceedings, it does not invade his right of possession, because he had none by virtue of his statutory lien, and therefore he could not resort to the statutory remedy of a trial of the right of property. To the extent above indicated our former opinion is overruled, but, as before stated, the question is not involved on this appeal.

Upon the trial from which this appeal is prosecuted the court below instructed the jury to return a verdict for the appellee, and the correctness of this instruction is the only question presented for our determination.

The uncontradicted evidence shows that, prior to the levy of the attachment, Owens, who was indebted to appellee in the sum of $1,900 for supplies and advances during the year 1902, and the further sum of $484 for supplies furnished him in 1903, agreed that appellee should have all of the crop raised by him on the farm during the year 1903, and that he should sell the same and apply the proceeds to payment of the amounts due him, the remainder, if any, of such proceeds to be paid to Owens. This agreement was being carried out by Owens at the time the levy was made, and the crop was being shipped by him to appellee, at Houston, as fast as it was gathered and prepared for ship-

ment.  Owens testified that, after this agreement was made, he had no control over the rice except as the agent of appellee.  Appellant was informed of this agreement before he made the levy.

There is no evidence of fraud or bad faith on the part of Owens or appellee, and the agreement is not attacked on this ground.  We think it clear that appellee, under these facts, should be held to have been in possession of the rice at the time it was levied on, and, as a lienholder in possession, had the right to maintain this action to recover the property.  His possession was as actual and visible as the nature of the property, as it was then situated, would permit.  (Adoue v. Seeligson & Co., 54 Texas, 600.)  If he had sent an agent to the farm to gather and ship the crop to him there could be no question as to his possession of the rice at the time it was levied upon, and the agreement with Owens, by which he became appellee's agent for this purpose, made Owens' possession the possession of appellee.  There being no evidence raising the issue of fraud, and the evidence above stated being uncontradicted, the trial court properly instructed the jury to return a verdict for the plaintiff.

Appellant contends that there is evidence tending to show that, since the levy upon the rice in question, Owens has delivered to appellee property of value in excess of his indebtedness to him, and that this issue should have gone to the jury, because, if it be true that appellee's debt has been paid since the levy, he now has no claim on the rice in question.

We are not inclined to admit the correctness of this contention either as to the fact issue or the proposition of law advanced, but, if we concede the fact to be as stated, and the proposition of law to be sound, the contention can not be upheld because the fact stated does not sustain the legal conclusion based thereon.  Whatever may be the value of the property turned over to appellee by Owens, under his agreement above set out, the undisputed evidence shows that appellee's indebtedness has not been paid, and that he has been garnished by other creditors of Owens, which garnishment proceedings are pending.

Appellee's lien was upon the entire crop, and, in order to subject any portion of it to his debt, the burden was upon appellant to show that appellee had been paid, and this burden is not discharged by showing that the remainder of the property upon which the lien existed was of sufficient value to satisfy appellee's debt.  (Nave v. Britton, 61 Texas, 573; Kellogg & Co. v. Muller, 68 Texas, 182; Wilkes v. Adler, 68 Texas, 689.)

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*