GOINS v. ZANDERSON et al.

(Court of Civil Appeals of Texas.   San Antonio. March 11, 1914.)

LANDLORD AND TENANT (§ 258*)—RIGHT OF PROPERTY—TRIAL—RIGHTS OF LIENHOLDER.

Claimant of a landlord's lien on property of a tenant levied on under execution could not enforce his lien in a statutory proceeding for the trial of the right of property, where the claimant was not in possession of the property at the time of the levy.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1045; Dec. Dig. § 258.*]

Appeal from Atascosa County Court; Walter E. Jones, Judge.

Action by W. M. Goins against T. H. Zanderson and others. Plaintiff having recovered on a claimant's bond in a justice court, defendants appealed to the county court, where claimant Zanderson recovered a judgment for the foreclosure of his landlord's lien against the defendant in execution, and against plaintiff for costs, and plaintiff appeals. Reversed and rendered.

W. M. Abernethy, of Jourdanton, for appellant.

MOURSUND, J. Certain personal property in the hands of Lon W. Marshall having been levied upon by the constable of precinct No. 1 of Atascosa county by virtue of an execution issued upon a judgment for $2,226 in favor of appellant and against said Marshall, T. H. Zanderson presented to the constable a claimant's oath and bond. The property having been valued by the constable at $100, the oath and bond of claimant Zanderson was filed in justice's court of precinct No. 1. In the justice's court plaintiff obtained judgment for $100, with interest at the rate of 6 per cent. from date of the claimant's oath and bond, and for 10 per cent. on the $100 judgment as damages. Defendants appealed to the county court, and, upon a trial before the court, defendant Zanderson recovered a judgment for the foreclosure of his lien as landlord to Lon W. Marshall, defendant in execution, and against plaintiff, Goins, for all costs of suit. Plaintiff appealed.

Zanderson claimed a statutory landlord's lien upon the property on account of having advanced the money with which the same was purchased, such advancement having been made for the purpose of enabling Marshall to make a crop upon land rented from Zanderson. Appellant excepted to Zanderson's answer, on the ground that same did not show such rights in the property as entitled him to the immediate and unqualified possession thereof, but merely showed that the property was purchased by Marshall with money advanced by Zanderson. The pleadings merely show that Zanderson claims a lien upon the property, and it is well settled that the statutory remedy of trial of the right of property is not the proper remedy to use in asserting a lien upon property levied upon by virtue of an execution, unless such lienholder is in possession of the property at the time of the levy. White v. Jacobs, 66 Tex. 462, 1 S. W. 344; Wheeler v. Wooten, 27 Tex. 257; Adoue v. Seeligson, 54 Tex. 593; Wright v. Henderson, 12 Tex. 43; Belt v. Raguet, 27 Tex. 471; Wootton v. Wheeler, 22 Tex. 338; Raysor v. Reid & Smith, 55 Tex. 266; Nat'l Bank of Cleburne v. Bank, 41 Tex. Civ. App. 535, 93 S. W. 209; Evans v. Groesbeck, 42 Tex. Civ. App. 43, 93 S. W. 1005. We

therefore conclude that, were it admitted that Zanderson had a landlord's lien upon the property levied upon, such lien could not be asserted and foreclosed in the character of action instituted by him, and that his pleadings showed no defense to plaintiff's suit.

The judgment of the trial court is therefore reversed, and judgment here rendered that appellant recover of appellee and his sureties upon the claimant's bond the sum of $100, with interest thereon at the rate of 6 per cent. per annum from March 3, 1913, as well as for $10 additional, being 10 per cent. of the value of the property, which sum is allowed as damages.