## THAMES–FORWARD REALTY CO. v. MELAUN et al. (No. 6053.)

(Court of Civil Appeals of Texas. Austin. March 19, 1919. On Motion for Rehearing, April 24, 1919.)

APPEAL AND ERROR &#x21dd;1037—HARMLESS ERROR—OVERRULING MOTION TO QUASH DISTRESS WARRANT.

Where appellant sustained no injury from trial court's overruling of motion to quash distress warrant, reversible error is not shown.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Suit by the Thames-Forward Realty Company against W. R. Melaun and others. From a judgment for plaintiff, defendants L. L. and N. D. Barker appeal. Affirmed.

W. A. Barlow, of Taylor, for appellants.
Dan Moody, of Taylor, and Nunn, Love & Eubank, of Georgetown, for appellee.

KEY, C. J. The Thames-Forward Realty Company, a corporation, instituted this suit against W. R. Melaun and several other defendants, for the purpose of collecting an amount alleged to be due for the rent of certain premises situated in the city of Taylor, Williamson county, Tex. The plaintiff sued out a distress warrant, which was levied upon certain personal property located in the building covered by the lease contract, and upon which it alleged it had a land-

---

lord's lien. Three of the defendants, L. L. Barker, N. D. Barker, and Mary S. Barker, filed a motion to quash the affidavit, bond, distress warrant, and citations issued by the justice of the peace, and filed in the district court. The defendants W. R. Melaun and Rosa Melaun failed to answer, and judgment by default was rendered against them, and they are not complaining.

The trial court sustained a plea of coverture interposed by the defendant Mary S. Barker, and dismissed the plaintiff's suit as against her, and no one is complaining of that action. The other two defendants, N. D. Barker and L. L. Barker, filed answers, the particulars of which need not be stated further than to say that N. D. Barker filed a cross-action for damages, which was decided against him; the jury having found, upon evidence which supports that finding, that he was not the owner of the property upon which the distress warrant was levied.

N. D. Barker and L. L. Barker have appealed, and present the case in this court upon numerous assignments, none of which presents any new or novel question, and therefore we deem it unnecessary to write an elaborate or extended opinion.

A large portion of appellant's brief complains of the action of the trial court in overruling a motion to quash the distress warrant. While we are strongly inclined to the view that the ruling referred to was correct, we hold that, if error was committed in that respect, it affords no ground for reversing the judgment. Upon the facts found in the special verdict of the jury, and other facts disclosed by the undisputed testimony, the trial court correctly held that the plaintiff had a subsisting landlord's lien on the property seized under the distress warrant, and the plaintiff had the right to have such lien foreclosed, even if the motion to quash the distress warrant had been sustained. Rosenberg v. Shaper, 51 Tex. 135; Bourcier v. Edmondson, 58 Tex. 675; Templeman v. Gresham, 61 Tex. 50; Wilker v. Adler, 68 Tex. 693, 5 S. W. 497. The only purpose of the distress warrant was to preserve the property, and, that result having been accomplished when the motion to quash was presented, overruling it resulted in no harm to appellants.

All the other questions have been considered, and are decided against appellants; and, as no reversible error has been shown, the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

After due consideration, we have reached the conclusion that this motion should be overruled. We have reached the conclusion, and now hold, that no error was committed by the trial court in overruling the motion to quash the distress warrant. For that reason, and because the jury found, upon evidence supporting such finding, that appellant had sustained no injury, the motion for rehearing must be overruled, even if we were in error upon the question decided in our former opinion.

Motion overruled.