## SEWELL v. PIERCE. (No. 2597.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 7, 1922.)

Landlord and tenant ⊚≈262(5)—Sequestration
⊚≈18—Lessor sequestering cotton held not
entitled to verdict against third claimant.

In lessor's action against tenant to foreclose a lien, in which lessor sequestered cotton and a subtenant or assignee filed a third party claim to the cotton, testimony merely that the cotton was grown on the rented premises and was there when the writ was levied was not proof that it was in lessor's possession, but the presumption, in absence of contrary evidence, was that it was in possession of claimant when levied upon, and the burden thus being on lessor to prove the contrary, on his failing to do so, or to prove he was entitled to a lien, and on claimant's failure to prove ownership, or that he was entitled to possession, lessor was not entitled to recover, and it was error to direct verdict in his favor.

Appeal from Hopkins County Court;
Homer L. Pharr, Judge.

On appellant's motion for rehearing. Affirmance on appellee's motion for rehearing set aside, judgment of the trial court reversed, and judgment rendered here against appellee.

See 244 S. W. 1034.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.
Henry E. Pharr, of Sulphur Springs, and Clark & Sweeton, of Greenville, for appellee.

WILLSON, C. J. In the presentation of the appeal to the time of the filing of appellant's motion for a rehearing, his contentions were that the trial court erred when he instructed the jury to find in appellee's favor, because, he said, the testimony would have supported a finding that the relationship of landlord and tenant existed between him and appellee as to the 30 acres of land E. E. Sewell turned over to him, and because, he asserted, it appeared that appellee was estopped by the judgment in her suit against E. E. Sewell from asserting that she had a landlord's lien on the cotton in controversy. No question was made by appellee as to the sufficiency of the testimony to show that appellee had a landlord's lien on the cotton which she was entitled to enforce if the contentions stated were not tenable. In disposing of the appeal, we therefore assumed that it conclusively appeared that appellee had such a lien and was entitled to enforce it if appellant's contentions on the grounds stated should be overruled, as we concluded they should be.

In the motion, appellant for the first time insists that the instruction referred to was erroneous because it did not appear from the testimony that the money advanced by appellee to E. E. Sewell to enable him to make a crop on the rented premises was "necessary for that purpose," within the meaning of the statute. Rev. St. art. 5475.

We also assumed, in disposing of the appeal, because the parties treated it as true in presenting same, that it conclusively appeared from the testimony that the cotton in controversy was grown by appellant on the 30 acres of land turned over to him by E. E. Sewell.

On an examination of the testimony in the record made in connection with the motion, we find that neither of the assumptions was warranted. It does not appear from that testimony that the advances made by appellee to appellant to enable him to make a crop on the premises were necessary for that purpose, and it does not appear that the cotton in controversy was grown by appellant on the 30 acres E. E. Sewell turned over to him.

We have, then, a case in which appellant wholly failed to show that he either owned or was entitled to the possession of the property in controversy, and in which appellee failed to show that she had a lien on it to secure the advances she made to appellant. In that condition of the record the judgment should be affirmed if the burden of proof was on appellant, and it should be reversed if it was on appellee.

Neither the writ of sequestration levied on the cotton nor the officer's return thereon is in the record sent to this court, and the only testimony which can be referred to, as showing on which party the burden rested, is that of appellee that the cotton in controversy was grown on, and at the time the writ of sequestration was levied on it was on, the land she rented to E. E. Sewell. Appellee argued that the effect of that testimony was to establish as a matter of law that the cotton was in her possession when the writ was levied, and cited Groesbeck v. Evans, 40 Tex. Civ. App. 216, 83 S. W. 430, as authority supporting her contention. And unquestionably the statement in the opinion of the court when that case was first before it, "that the crop [quoting] of a tenant who is indebted to his landlord for rents, supplies, or advances must be considered in the possession of the landlord so long as it remains upon the rented premises," does support the contention, on the theory that it appeared that appellee's tenant was indebted to her for "rents, supplies, or advances." But the statement was dicta only, was qualified on motion for a rehearing (40 Tex. Civ. App. 216, 88 S. W. 889), and overruled on a subsequent appeal of the case (Evans v. Groesbeck, 42 Tex. Civ. App. 43, 93 S. W. 1005), when the court said:

⊚≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"In our former discussion of the question we gave too much importance to the provision of the statute prohibiting the removal of the crop from the rented premises without the consent of the landlord. That provision cannot be properly construed as affecting the question of the landlord's possession or right of possession, and, while the seizure and removal of the crop upon execution against the tenant is an invasion of the landlord's right which he could protect by proper proceedings, it does not invade his right of possession, because he had none by virtue of his statutory lien."

If testimony merely that the cotton was grown on the rented premises and was on same when the writ was levied was not proof that it was then in appellee's possession, and we think it was not, then it was not shown who had possession of the cotton at the time it was levied upon. The rule seems to be that when the contrary does not appear it will be presumed that the property was in the possession of the claimant when it was levied upon. Buggy Co. v. Usrey, 209 S. W. 684. It follows, the burden of proof being on appellee, that the disposition made of the appeal in the first instance was the proper one.

Therefore the action of this court in affirming the judgment on appellee's motion for a rehearing will be set aside, and the judgment of the lower court will be, as it was in the first instance, reversed, and judgment will be here rendered that appellee take nothing by her suit against appellant.