CITY OF FORT WORTH v. F. S. BOULWARE, GUARDIAN.

Decided April 13, 1901.

1.—Lien for City Taxes—Extent—Construction of Legislative Charter.

Where a legislative city charter gave the city, for each year, a prior lien to secure payment of taxes levied and assessed for that year on the property subject to municipal taxation, such lien did not extend in favor of taxes due under assessments for former years, nor upon such part of a stock of merchandise as was acquired subsequently to the given year for which the tax may have been levied.

2.—Priority of Lien—Landlord's Lien and Tax Lien.

Where there was a conflict as to priority between a landlord's lien covering all of a stock of merchandise, and a city's lien for taxes for several different years, the burden was on the city to point out and indentify the particular goods or part of the whole stock upon which its several liens for the taxes of the different years existed, and this not being done, the landlord's lien was entitled to priority,—the confusion having resulted from the city's negligence in not more promptly enforcing its tax claims.

Appeal from Tarrant.   Tried below before Hon. W. D. Harris.

*William D. Williams,* for appellant.

*James C. Scott,* for appellee.

CONNER, CHIEF JUSTICE.—Omitting details unnecessary to an understanding of the conclusion reached by us, this is a suit in which is involved the determination of the superiority of conflicting liens upon a certain stock of merchandise situated in the city of Fort Worth. The judgment was in appellee's favor, and directed that the proceeds of the merchandise which had been theretofore sold under order of the court be applied upon the judgment obtained by him, and which established the lien here asserted.

There is substantially no controversy as to the fact that appellee, as the guardian of certain minors, had a landlord's lien upon the merchandise in question to secure $649.88 rent due from one Lake for the building rented to him by appellee, and within which said merchandise was situated. This lien was duly established in the County Court of Tarrant County upon the 4th day of October, 1899. On the 17th day of October, 1899, the appellant, acting through its city assessor and collector, levied upon the same stock of goods, asserting a lien for unpaid taxes due said city from said Lake for the years of 1895, 1896, 1897, and 1898, amounting in the aggregate to $425, and the question presented by the assignments on this appeal is whether the District Court was correct in adjudging appellee's landlord's lien superior to the asserted lien of the city.

By cross-assignment of error appellee insists that the evidence fails to show a legal assessment of the taxes claimed by the city for the years named; but, in view of the conclusion reached by us, we find it unnecessary to determine that question; for, assuming that the assessments and levy were regularly made and duly authorized, the record fails to otherwise affirmatively show that the trial court erred in concluding that appellee's lien was superior to that of the city.

The clause of the city charter relied upon as conferring the lien for taxes is section 115, page 76, of the Special Acts of 1899, which reads as follows: "Section 115. From and after the first of January of each year, until the taxes are paid, a lien shall exist in favor of said city [of Fort Worth] upon all property, real and personal, subject to municipal taxation, to secure the payment of all taxes levied and assessed for that year against said property, and all penalties, interest and cost, accrued or that may accrue thereon. And the lien hereby created shall be prior to all other liens upon such property, and the city assessor and collector of taxes shall have full power and authority to pursue. such property, and to seize and sell all, or enough, of the same to satisfy and pay all taxes, penalties, interest and cost due thereon. And all persons who purchase or receive any such property, or acquire any lien upon or right therein shall be held to have had full prior notice of the existence of said tax lien, and said lien, after accruing, as aforesaid, shall continue from year to year unitl the taxes have been fully paid."

It will be noted that the lien here conferred is upon the particular property alone against which the taxes were assessed. To illustrate: For the taxes of 1895 due from Lake there existed a lien that might be enforced in accordance with the terms of the charter quoted as against the merchandise assessed that year, but no lien for the taxes of that year would exist upon merchandise subsequently acquired. So, for the taxes of the years 1896, 1897, and 1898. Upon merchandise acquired by Lake and assessed during the year 1898, no lien existed by virtue of this section of the charter to secure the payment of taxes due under assessment for former years. After a consideration of the evidence, therefore, we have been unable to say the court below was in error in holding as it did, in

effect, that appellant failed to establish its lien as claimed. While it appears that the stock of goods upon which the respective liens were asserted was perhaps for the greater part held and owned by Lake for several years, we have been unable to determine from the evidence the particular part or proportion purchased by Lake during any one or more of the years of 1895, 1896, 1897, or 1898. The fact that a given article of merchandise was old does not necessarily establish the fact that it was acquired or assessed during any one of the years named, and it is clear that some of the articles had been recently purchased. The stock consisted of a general stock daily exposed to sale and renewed from time to time as necessity required. Appellee was without fault, and his lien extending unquestionably to the entire stock on hand at the date of appellant's levy, he was prima facie entitled to recover, and the burden was upon appellant to point out and identify the particular goods or portion of the whole upon which the law invoked by it gave a lien. This has not been done. The city negligently permitted the confusion, and hence must suffer the inconvenience and loss arising therefrom. Story on Bailm., 9 ed., sec. 40.

It is suggested that under the Act of 1895 the lien given the city of Fort Worth to secure the payment of arrearages in taxes is broader than that given by the Act of 1899 quoted, and that under the special act of 1895 the lien of the city extended to all property belonging to the person owing the delinquent taxes. This, however, does not seem to be insisted upon on behalf of the appellant, as, in its brief, it is stated: "As the lien is statutory, and as the Act of 1895 was repealed by the later Act of 1899, appellant is confident that the provisions of the later act apply." We will not, therefore, undertake a critical examination of the effect of the former charters upon the subject under consideration, particularly in view of the facts that by section 26 of the special Act of 1899 the several special acts incorporating the city of Fort Worth and granting charter thereto, "approved March 20, 1899, and the amendments thereto adopted by said Legislature in the years of 1891, 1893, 1895 and 1897" are expressly repealed, and we find no clause in the charter of 1899 reserving the general lien given by the Act of 1895. See Suth. on Stat. Const., secs. 162, 165; Bailey v. Mason, 4 Minn., 546.

Finding no error in the judgment, it is affirmed.

*Affirmed.*