## W. M. Edwards v. Claus Anderson.

Decided October 19, 1904.

**1.—Landlord's Lien—Subtenant.**

A landlord has by the statute a lien upon all products grown on his farm, whether raised by himself, his tenant, or the subtenant or assignee of the latter, and whether he did or did not consent to subletting.

**2.—Evidence—Exemplary Damages.**

Declarations of tenants as to intentions or plans for beating his landlord out of his rent are properly admitted on the issue whether the distress warrant was lawfully sued out, though not made to or in the presence of the landlord.

Appeal from the County Court of Travis. Tried below before Hon. Jas. R. Hamilton.

The evidence of witness Shelton related to a conversation with Foesselman made before the distress warrant was sued out and not in presence of Anderson, declaring his intention and plans to beat Anderson out of the rent, and was limited by the charge to its bearing on the question whether the distress warrant was lawfully sued out.

*John Dowell,* for appellant.

*Sandbo & Shelton,* for appellee.

Key, Associate Justice.—Appellant sued appellee for the value of certain personal property, alleged to have been unlawfully converted by appellee. Appellant also sought to recover exemplary damages, alleging that appellee had acted willfully, maliciously, without any right or probable cause therefor, and with deliberate intent and avowed purpose to inflict upon appellant gross oppression and injustice.

The appellee filed a general denial and a special answer not necessary to be set out here. The case was submitted to a jury and verdict and judgment rendered for the appellee.

The undisputed testimony shows that one Foesselman had rented a farm belonging to the appellee; that Foesselman had entered into a contract with the appellant under which the appellant cultivated a portion of the farm; that appellee sued Foesselman for the rent of the farm and sued out, a distress warrant, which was levied upon a portion of the crops raised thereon, including the property in controversy in this suit.

Unless he had waived it, the appellee had a landlord's lien, created by statute, on all the products grown upon his farm, whether raised by Foesselman or Edwards, and whether Edwards was a subtenant or assignee under Foesselman, and whether appellee did or did not consent for Foesselman to sublet to appellant. Forrest v. Durnell, 86 Texas, 647. This was the view taken by the trial court, and that issue was properly submitted to the jury. Anderson testified that he not only did not waive his lien as to the crops raised by Edwards and did not consent

to the contract between Foesselman and Edwards, but that he had no knowledge of the fact that Edwards had rented from Foesselman, nor made a crop on the land, until after the distress warrant was issued and levied. His evidence supports the verdict of the jury.

In view of the charges made in the plaintiff's petition, seeking to recover exemplary damages, and the action of the trial court in limiting the testimony, we hold that no error was committed in receiving the testimony of the witness Shelton complained of in appellant's brief.

We do not believe that the jury were misled by the court's charge, and hold that that charge, in connection with the special charge given at appellant's request, fairly and correctly submitted the case to the jury.

All the assignments of error are overruled and the judgment is affirmed.

*Affirmed.*