HORTON v. LEE. (No. 7446.)

(Court of Civil Appeals of Texas. Dallas. Nov. 27, 1915. Rehearing denied Dec. 24, 1915.)

1. COURTS ⬅️169—JURISDICTION—AMOUNT IN CONTROVERSY.

The county court has jurisdiction of an action upon a note for $190, which provided for attorney's fees of 10 per cent. in case of suit, the total sued for being therefore in excess of $200.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. ⬅️169.]

2. LANDLORD AND TENANT ⬅️209—LIEN FOR RENT—CONVERSION OF CROP BY SUBTENANT.

A subtenant who converts the crop is liable to the original landlord for the value thereof to the extent of the rent due him though such subtenant has paid the rent owing to his immediate landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. ⬅️209.]

3. ACTION ⬅️50—JOINDER OF CAUSES OF ACTION.

Where a tenant gives a note for rent, and subsequently subleases the land, and the subtenant converts the crop, it is proper to join him in a suit to recover on the note and to foreclose the landlord's lien and to recover from the subtenant the value of the crop converted.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. ⬅️50.]

4. LANDLORD AND TENANT ⬅️209—SUBTENANTS—CONVERSION OF CROPS—CONSENT TO SUBLEASE,

A subtenant is liable to the original landlord for the value of crops converted to the extent of the rent due such landlord, though such landlord consented to the sublease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. ⬅️209.]

5. LANDLORD AND TENANT ⬅️254—LANDLORD'S LIEN—TIME—WAIVER.

Under Rev. St. 1911, art. 5477, giving the landlord a lien for rent due on crops removed from the premises for one month after such removal, failure to foreclose the lien within one month waived it, so that it was error for the court thereafter to foreclose it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 986, 1034–1044; Dec. Dig. ⬅️254.]

Appeal from Rockwall County Court; J. W. Reese, Judge.

Action for rent and foreclosure of landlord's lien by Mrs. J. A. Lee against H. Horton. From a judgment for the amount of the rent and of foreclosure of the landlord's lien, defendant appeals. Reversed as to the foreclosure, and judgment for defendant thereon rendered.

H. M. Wade, of Rockwall, for appellant. A. H. Mount, of Dallas, for appellee.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RAINEY, C. J. On September 27, 1912, J. A. Lee leased certain agricultural land to J. B. Sears for three years, to wit, 1913, 1914, 1915, Sears agreeing to pay $190 for each year and for which he executed his three promissory notes for $190 each. The first note for the 1913 rent was paid. J. A. Lee then died, leaving surviving him his widow, appellee. J. B. Sears sublet to H. Horton the land for 1914 and 1915. Mrs. Lee now sues to recover on the rent note for 1914, making J. B. Sears the maker and H. Horton subtenant, who she claims is liable for wrongfully removing the products from the rented premises, and asks a foreclosure of the landlord's lien on five bales of cotton. Horton answered that Sears sublet said land to him without objection of Lee, and plaintiff is estopped from questioning the legality of same; that he has paid Sears the rent for 1914 and 1915, by giving his notes which have been transferred to innocent holders, etc.; that if liable at all, he is liable on account and not on said note, as he did not sign it, nor assume it; that said cotton has been removed from said rented premises for more than 30 days before the distress warrant was levied, and the landlord's lien is lost.

[1-3] 1. Horton suggests a misjoinder of parties as to him, and that the court had no jurisdiction as to the amount due for rent, the amount due being less than $200. The note sued on was for $190, with 10 per cent. attorneys' fees, if sued on, which makes the amount more than $200, and is within the jurisdiction of the county court. The note was for rent of land secured by the crops raised on the land for 1914. Horton converted the cotton and made himself liable for the rent due for 1914, to the extent of the value of the cotton raised, if necessary, to pay amount of rent due, and was therefore liable with Sears for the same, which equaled the amount due on the note, and it was proper to join him in the same suit.

[4] 2. Horton complains of the court for sustaining objections to his proving that Lee, deceased, consented to Sears subletting to him the land. We see no harm that could have resulted if it be conceded that such ruling was error, as his condition would have been the same, he being a subtenant, and as such he legally knew of the landlord's rights by reason of the lease to Sears. As said in Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481:

"Under such circumstances, whatever contract an assignee or undertenant may make with the original lessee, he must be understood impliedly to assume towards the lessor the relation of tenant, and to consent that the lien given by statute shall exist. * * * If the landlord consents expressly or impliedly to the occupation of his land by an assignor or undertenant, the relation of landlord and tenant necessarily exists between him and such person; for under the statute such holdings are illegal without such consent."

It seems from the foregoing that Horton made himself a tenant, and, having converted to his own use the cotton raised on the rented premises, he became liable for the rent.

[5] 3. A landlord has a lien on all products raised on the rented premises, which lien exists until it has been removed from the rented premises for one month. There had been no effort made to foreclose the lien on the cotton for the period of one month after it had been removed from the premises; therefore the lien was lost, and it was error to render judgment foreclosing a lien. R. S. 1911, art. 5477; Childress v. Harmon, 176 S. W. 154.

The case of Gaw v. Bingham, 107 S. W. 931, relied on by appellee in support of this judgment, is based upon a state of facts different from those in this case. There the cotton had been removed for over one month, but it had been stored on the premises of the landlord, and it was practically in his possession.

The judgment of foreclosure of lien is reversed and rendered, and it is affirmed in all other respects.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes