## SEWELL v. PIERCE. (No. 2597.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 19, 1922.)

1. Chattel mortgages ⚬══117—Lessor's crop mortgage for money advanced for cultivation held not to cover subtenant's crop.

Where A. leased to B. and took notes and mortgage on B.'s entire crop for money advanced for cultivation, the mortgage did not cover cotton raised on some of the land by B.'s subtenant, who had no contract with A.

2. Landlord and tenant ⚬══246(4)—Landlord's lien extends to crops raised by subtenant.

Where A. leased to B. for one-quarter of B.'s crop as rent, A. may enforce his landlord's lien against cotton raised on some of the land by B.'s subtenant or assignee, against whose subtenancy A. raised no objection, but with whom she had no contract.

3. Landlord and tenant ⚬══254(3)—Failure of landlord to obtain crop lien foreclosure no bar to asserting right against crop in sequestration proceeding.

That a landlord failed to obtain foreclosure of crop lien in suit against tenant did not bar her right against cotton raised on part of the leased premises by a subtenant who tried his right to the cotton after its sequestration by the landlord under Civ. St. arts. 7769–7795, in her original suit.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Action by Mrs. J. K. Pierce against E. E. Sewell, in which property was sequestered. O. C. Sewell filed a third party claim. From an adverse judgment, the claimant appeals. Affirmed.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

Henry E. Pharr, of Sulphur Springs, and Clark & Sweeton, of Greenville, for appellee.

WILLSON, C. J. Appellee owned 150 acres of land in Hopkins county, which she rented to one E. E. Sewell for the year 1920. In February, March, and June of that year she loaned money to said Sewell to enable him, she claimed, to make a crop on the land, taking his promissory notes therefor and a mortgage on the crop and on other personal property to secure the payment of the notes. In February, 1921, she commenced a suit against

said Sewell in the district court of Hopkins county to recover a sum she claimed to be due her as rent and $864.83 she claimed to be due and unpaid on the notes, and to foreclose the mortgage lien and a landlord's lien which, she asserted, existed on the property, including the seven bales of cotton in controversy here, valued at $350. At the time she instituted the suit appellee sued out a writ of sequestration which was levied on the seven bales of cotton. Appellant claimed to be owner of the cotton, and filed a claimant's affidavit and bond to try the right of property therein as provided by the statute. Rev. St. arts. 7769 to 7795. The claim affidavit and bond were returned to the county court, and the case made thereby was tried by that court on issues made up as directed by the statute, article 7780. After hearing the testimony, the court instructed the jury to return a verdict for appellee, and, the jury having complied with the instruction, rendered judgment in her favor against appellant and the sureties on his claim bond for $364, the value of the cotton and interest thereon, and for $35, being 10 per cent. of such value as damages she was entitled to by force of the statute. Article 7787.

[1] It appeared from testimony heard at the trial that by the terms of the contract between E. E. Sewell and appellee she was to receive as rent one-fourth of the cotton grown on the land. It further appeared that the cotton in controversy was grown by appellant on about 30 acres of the land turned over to him by E. E. Sewell (his father) after the latter rented the 150 acres of appellee. Appellant was not a party to either the notes or the mortgage made to secure same, and at the trial resulting in the judgment appealed from contended that the only right appellee had in the cotton grown by him was the right to demand and receive one-fourth thereof as rent due her. This contention was on the theory that the relation of landlord and tenant existed between him and appellee as to the 30 acres, or, if it did not, that he was a subtenant of E. E. Sewell, and as such was not liable to her for the indebtedness evidenced by the notes and mortgage, but only for one-fourth of the cotton in controversy as rent she was entitled to under her contract with E. E. Sewell. On the theory that cotton grown by appellant under the arrangement between him and E. E. Sewell was not subject to the mortgage because appellant was not a party to it and the notes it secured, and that appellee was not entitled to enforce a landlord's lien on the crop grown by appellant, if she had one, in a statutory proceeding to try the right in property in the cotton, this court, in accordance with an opinion filed June 8, 1922, which will be withdrawn from the files reversed the judgment appealed from as erroneous and here rendered judgment in favor of the appellant.

We are still of the opinion, after further consideration of the record in connection with appellee's motion for a rehearing now pending before us, that the cotton in controversy, for the reasons stated, was not subject to the mortgage but think we erred in concluding that appellee could not in such a proceeding assert a landlord's lien on the cotton if she had one as against appellant.

[2] The trial court having peremptorily instructed a verdict in favor of appellee, the questions presented by the record, on the determination of which the correctness of the judgment should have been made to depend, were: First, did it appear from the testimony as a matter of law that appellee had a landlord's lien on the cotton in controversy? and, second, if it did, did it further appear that she was not estopped by the judgment in her suit against E. E. Sewell from asserting it against appellant?

We are of the opinion the first one of the questions should be answered in the affirmative. There was no evidence whatever to support the contention of appellant that the relation of landlord and tenant existed between him and appellee. The most appellant could with any reason contend for was that there was testimony tending to show that he cultivated the 30 acres of land as the assignee or subtenant of E. E. Sewell with appellee's knowledge and consent. It seems to be the law that if he was either such an assignee or subtenant, appellee had a lien on the crop grown by him on the land, unless she waived it, and there was no testimony whatever that she did waive it. Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481; Edwards v. Anderson, 36 Tex. Civ. App. 611, 82 S. W. 659; Trout v. McQueen (Tex. Civ. App.) 62 S. W. 928; Horton v. Lee (Tex. Civ. App.) 180 S. W. 1169.

[3] We think the other question also should be answered in the affirmative. The fact that appellee failed to obtain a foreclosure of the landlord's lien she asserted against the cotton in her suit against E. E. Sewell in the district court was not a reason why she should not have been heard to assert the existence of such a lien in the trial of the right of property proceeding between her and appellant in the county court. Howard v. Parks, 1 Tex. Civ. App. 603, 21 S. W. 269; Watt v. Perlin & Orendorff Co., 44 Tex. Civ. App. 439, 98 S. W. 428. Indeed, it seems that the effect of filing a claim bond and affidavit by a person not a party to a suit in which a writ of sequestration was issued and levied is to deprive the court out of which the writ issued of power to determine, as between the plaintiff and the claimant, whether the property was subject to the asserted lien or not. As between those parties it seems that such a question can be determined only by the court having jurisdiction of the trial of right of property proceedings. Harris v. Wise (Tex. Civ. App.) 191 S. W. 588. In the case just cited Harris sued Wise in a justice

court for debt and foreclosure of a mortgage and had a writ of sequestration levied on property covered by the mortgage, which the officer making the levy valued at $250. Wise's wife claimed to be the owner of the property, and filed a claim affidavit and bond, which the officer returned to a county court in compliance with the requirement of the statute. Articles 7773 and 7778. The Court of Civil Appeals held that the effect of the filing of the claim affidavit and bond and return of the writ to the county court was to confer exclusive jurisdiction of the property and of the rights of the parties to it on that court, and that a judgment of the justice court foreclosing the mortgage lien as against Wise and his wife (who was made a party to Harris' suit against Wise after she filed the claim affidavit and bond) was void.

The motion is granted, and the action of this court reversing the judgment of the trial court and rendering judgment here will be set aside, and the judgment of said trial court will be affirmed.