MRS. J. K. PIERCE v. SAMUEL P. WILLSON, CHIEF JUSTICE, ET AL.

No. 3924.    Decided June 28, 1924.

(263 S. W., 581).

### 1.—Mandamus—Certified Question—Conflict of Decisions.

The conflict in rulings authorizing a writ of mandamus to require the question to be certified to the Supreme Court must involve substantially the same proposition of law applied to practically the same issue of fact, the conflict being on the very question decided, and not in the reasoning by which the conclusion is reached, so that the decision in one case is necessarily conclusive of the other or one overrules the other.    (Pp. 139, 140).

### 2.—Landlord and Tenant—Lien—Crop of Sub-tenant—Burden of Proof.

Though recognizing the rule that the landlord had a lien on crops raised on the rented premises by an assignee or sub-tenant of the lessee, the ruling in this case was based on the holding that the burden of proof was on the landlord to show a lien in accordance with the statute to secure advances made to the lessee.    The cases of Edwards v. Anderson, 36 Texas Civ. App. 611; Trout v. McQueen, 62 S. W., 928; Marrs v. Lumpkins, 22 Texas Civ. App., 448; Horton v. Lee, 180 S. W., 1169; are held to present no conflict with this decision.    (Pp. 140, 141).

### 3.—Same—Advancements—Necessity.

The ruling herein that the landlord, to establish a lien for money advanced to his lessee to enable him to make a crop, had the burden of showing that it was "necessary" for that purpose, is not in conflict with that in Green

v. Scales (where the landlord assumed the burden of proof, and the ruling related only to what constituted a prima facie case); nor was it in conflict with Farmers etc. St. Bk. of Jacksonville v. Mill & Elevator Co., 207 S. W., 400; Hazelrigg v. Naranjo, 184 S. W., 316; Sullivan v. Fant, 160 S. W., 612; or Pullman Co. v. Cox, 120 S. W., 1058; none of which were cases of landlord and tenant. (Pp. 141, 142).

#### 4.—Same—Possession.

The ruling herein that cotton raised and on the rented premises was, by virtue of its location, in the possession of the landlord after the expiration of the term of the lease, and not in that of the tenant, is not in conflict with that in Groesbeck v. Evans, 83 S. W., 430, language to the contrary on the first appeal herein (88 S. W., 889) being mere dictum, and overruled on a second appeal (93 S. W., 1005). (Pp. 142-145).

#### 5.—Conflicting Decisions of Same Court.

The statute does not require a question to be certified on the ground of conflict with a previous decision of the same Court of Civil Appeals. But the rulings in Briggs v. Briggs, 227 S. W., 511, are also held not in conflict with those in this case. (P. 145).

#### 6.—Rendition or Remand.

In the absence of any finding by the Court of Civil Appeals to indicate necessity for a remand, or of a statement of facts to show this, the action of such court in rendering judgment on reversal can not be considered in conflict with Dunlap v. Squires, 186 S. W., 843, or Allen v. Anderson, 96 S. W., 54. (Pp. 145, 146).

Original application by Mrs. Pierce to the Supreme Court for mandamus to the judges of the Court of Civil Appeals for the Sixth District requiring them to certify questions determined in the case of Sewell v. Pierce, 244 S. W., 1034, on account of conflict with other decisions.

The Supreme Court referred the case to the Commission of Appeals. Section B, for its opinion thereon, and here adopt same and refuse the writ as there recommended.

*Henry E. Pharr* and *Clark & Sweeton,* for relator.

*Dial, Nelson & Brim,* for respondent.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

In the Court of Civil Appeals, Mrs. J. K. Pierce was the appellee and O. C. Sewell the appellant. The nature of this cause has been correctly stated by the Court of Civil Appeals in the following language:

"Appellee owned 150 acres of land in Hopkins County, which she rented to one E. E. Sewell for the year 1920. In February, March and June of that year she loaned money to said Sewell to enable him, she claimed, to make a crop on the land, taking his promissory notes

therefor and a mortgage on the crop and on other personal property to secure the payment of the notes. In February, 1921, she commenced a suit against said Sewell in the District Court of Hopkins County to recover a sum she claimed to be due her as rent and $864.83 she claimed to be due and unpaid on the notes, and to forclose the mortgage lien and a landlord's lien which, she asserted, existed on the property, including the seven bales of cotton in controversy here, valued at $350. At the time she instituted the suit appellee sued out a writ of sequestration which was levied on the seven bales of cotton. Appellant claimed to be owner of the cotton, and filed a claimant's affidavit and bond to try the right of property therein as provided by the statute. (Arts. 7769 to 7795.) The claim affidavit and bond were returned to the county court, and the case made thereby was tried by that court on issues made up as directed by the statute. (Art. 7780.) After hearing the testimony the court instructed the jury to return a verdict for appellee, and, the jury having complied with the instruction, rendered judgment in her favor against appellant and the sureties on his claim bond for $364, the value of the cotton and interest thereon, and for $35, being ten per cent, of such value, as damages she was entitled to by force of the statute. (Art. 7747.)''

It will be observed that the cause under consideration is between the relator and a son of the original tenant who rented thirty acres of this land through his father.

Three opinions were written by the Court of Civil Appeals in this case, each by Chief Justice Willson. The first opinion concluded as follows:

''The mortgage E. E. Sewell made to appellee is not in the record sent to this court, but it appears that it covered only the cotton grown by E. E. Sewell, on the land. Therefore it may be said it appeared as a matter of law that appellee had no claim on the cotton in controversy by virtue of the mortgage. It follows that the court erred when he instructed the jury to find for the appellee and rendered judgment in her favor for the value of the cotton, for the fact, if it was a fact, that appellee had a landlord's lien on the cotton did not warrant the judgment, as mere lienor without right to possession, the only relief appellee was entitled to as against appellant was a foreclosure of the lien and a sale of the property in a proper proceeding for that purpose.

''The judgment will be reversed and judgment in appellant's favor will be rendered here, but without prejudice to any right appellee may have against him, predicable on the relationship of landlord and tenant.''

Counsel for Mrs. Pierce then filed a motion for rehearing, which was granted, and the judgment of the trial court thereupon affirmed.

This second opinion can be found in 244 S. W., 1034. In this latter opinion, the court withdrew its first opinion from the files. Hence, it was not published. In this second opinion, the court said:

"We are still of the opinion, after further consideration of the record in connection with appellee's motion for a rehearing now pending before us, that the cotton in controversy, for the reason stated, was not subject 'to the mortgage, but think we erred in concluding that appellee could not in such a proceeding assert a landlord's lien on the cotton, if she had one as against appellant."

Upon the rendition of this second opinion, counsel for O. C. Sewell filed a motion for rehearing, which was granted, and the judgment of the trial court reversed and rendered in favor of the said Sewell. See: 245 S. W. R., 745.

Thereupon, counsel for Mrs. Pierce again filed a motion for rehearing and in the alternative a request that certain questions be certified to the Supreme Court. Both of these motions were overruled in due course.

Whereupon, upon proper petition, the Supreme Court permitted petition for mandamus to be filed by Mrs. Pierce against the justices of the Court of Civil Appeals at Texarkana and O. C. Sewell. Therefore, this is an original petition for mandamus to require aforesaid Court of Civil Appeals to certify to the Supreme Court certain questions determined by the former, upon the allegation that the holdings of the Court of Civil Appeals in the instant case are in conflict in the respects hereafter mentioned with those of other Courts of Civil Appeals. Article 1623, Vernon's Sayle's Revised Civil Statutes of Texas, 1914.

When does the "conflict" of decisions authorize the writ of mandamus to issue under aforesaid Article of our statutes? We refer to a few decisions of our Supreme Court upon this point.

In the case of McCurdy v. Conner, 95 Texas, 246, 66 S. W., 664, Chief Justice Gaines says it must appear that "practically the same issue of fact" was presented upon the trial of each of the cases. Further, that "substantially the same proposition of law" must be involved in the two cases.

Our Supreme Court, in the later case of McKay v. Conner, 101 Texas, 313, 107 S. W., 45, speaks as follows:

"It is evident from the foregoing statement, that in neither of the cases cited to show a conflict was the point involved which was decided in the case in which it is sought to compel the Court of Civil Appeals to certify the question. When one court decides a question one way, and another court makes a contrary ruling upon the same question, there is a conflict. Hence, unless the question be the same, there can be no conflict. But counsel have labored in argument strenuously to show that the principles announced in the

cases cited necessarily lead to a conclusion adverse to that arrived at by the Court of Civil Appeals in the present case. But we do not think that such is the fact. Besides we are of opinion that the conflict must be upon the very question decided and not in the reasoning by which the conclusion is reached.''

In the very recent case of Garitty v. Rainey, 112 Texas, 369, 247 S. W., 825, Chief Justice Cureton says:

''The conflict in decisions of Courts of Civil Appeals which will authorize this Court to issue a writ of mandamus and require certification must be upon a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court. The conflict must be well defined. An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient. The rulings must be so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other. In other words, the rulings alleged to be in conflict must be upon the same question, and unless this is so there can be no conflict. Coultress v. City of San Antonio, 108 Texas, 150, 179 S. W., 515; McKay v. Conner, 101 Texas, 313, 107 S. W., 45.''

In its last decision in the instant case, the Court of Civil Appeals says it had assumed, because the parties seemed to treat it as true in presenting the case, that the evidence showed that Article 5475, the statute conferring the landlord's lien, had been complied with, and also that the cotton in controversy was grown by O. C. Sewell on the thirty acres of land turned over to him by his father. The court then says, upon an examination of the testimony. it finds that neither of above assumptions was warranted. In the first place, that Mrs. Pierce had only testified that she furnished E. E. Sewell this money to enable him to make the crop, but did not go further and testify that such advances were ''necessary for that purpose'' as provided by the statute. In the second place, that it did not appear from the record that the cotton in controversy was grown on the thirty acres of land above described.

Summing up the nature of its last decision, the Court of Civil Appeals goes on to say:

''We have, then, a case in which appellant wholly failed to show that he either owned or was entitled to the possession of the property in controversy, and in which appellee failed to show. that she had a lien on it to secure the advances she made to appellant. In that condition of the record the judgment should be affirmed if the burden of proof was on appellant, and it should be reversed if it was on appellee.''

The Court of Civil Appeals proceeds to hold that the burden of

proof in both respects was upon Mrs. Pierce, and enter the judgment of reversal aforesaid.

We shall now take up the respects in which it is alleged above decision conflicted with decisions of other Courts of Civil Appeals, and see if there is really any conflict which meets the test laid down by our Supreme Court to govern the issuance of a writ of mandamus of the kind here prayed for.

In the first place, relator contends that the decision is in conflict with the opinions of the Courts of Civil Appeals in the cases of Edwards v. Anderson, 36 Texas Civ. App., 611, 82 S. W., 659; Trout v. McQueen, 62 S. W., 928; Marrs v. Lumpkins, 22 Texas Civ. App., 448, 54 S. W., 775; Horton v. Lee, 180 S. W., 1169.

As shown by the quotations in the petition for mandamus, the holding in above cases is simply that a landlord, unless he waived it, has a landlord's lien, created by statute, on all the products grown upon the rented premises, whether raised by the original tenant, sub-tenant or assignee, and regardless of whether the landlord did or did not consent to such subletting. This rule was laid down by our Supreme Court in case of Forrest v. Durnell, 86 Texas, 647, 26 S. W., 481.

In its second opinion in the instant case, the Court of Civil Appeals expressly recognized this rule, following it in this language:

"The most appellant could with any reason contend for was that there was testimony tending to show that he cultivated the 30 acres of land as the assignee or subtenant of E. E. Sewell with appellee's knowledge and consent. It seems to be the law that if he was either such an assignee or subtenant appellee had a lien on the crop grown by him on the land, unless she waived it, and there was no testimony whatever that she did waive it. Forrest v. Durnell, 86 Texas, 647, 26 S. W., 481; Edwards v. Anderson, 82 S. W., 659; Trout v. McQueen, 62 S. W. 928; Horton v. Lee, 180 S. W. 1169."

It will be observed that respondents are not only not in conflict with the decisions cited but thoroughly in line therewith.

In the last opinion in the instant case, the court did not recede in any way from this ruling, but based its final decision upon the question already set out by us. In this ruling, they are not in conflict with the decisions heretofore listed. The latter decisions do not even remotely discuss, directly or indirectly, the questions which formed the basis of the final decision rendered by the respondent court.

In the second place, relator contends that the Court of Civil Appeals in its last opinion held that:

"Even though the testimony showed, without dispute, that appellee furnished to her tenant the sum of money sued for to enable him to make a crop on said rented premises, and although no issue was

raised in the court below as to whether said advancements were necessary for said purpose, nevertheless, it was incumbent upon appellee to show that said advancements by her to her tenant were necessary for the purposes of planting, gathering and marketing the crop on said premises, in order for her to establish a landlord's lien on the crops raised on said premises.''

In doing so, relator insists that the decision is in conflict with other Courts of Civil Appeals in the cases of Green v. Scales, 219 S. W., 274; Bank v. Mill & Elevator Co., 207 S. W., 400; Hazelrigg v. Naranjo, 184 S. W., 316; Sullivan v. Fant, 160 S. W., 612; Pullman Co. v. Cox, 56 Texas Civ. App., 327, 120 S. W., 1058.

In only one of these last mentioned cases does it appear that the relation of landlord and tenant existed, and that is the case of Green v. Scales. In that case, the landlord assumed the burden of proof. Opposing party contended that the evidence failed to show that the tenant was indebted to the landlord for supplies furnished for that year in any amount. The landlord was the only witness upon that point and merely exhibited on the stand an itemized list of supplies furnished. The court held that a prima facie case was made out. It did not place the burden of proof in this connection upon the tenant. Nor did the court state that it was necessary for the landlord to show only that the advances were made by him to enable the tenant to make a crop. It did not say that it was not incumbent upon him to show further, as provided by the landlord statute, that such advances were ''necessary'' for that purpose. This last question was not presented to or discussed by the court. The decision is not in conflict with the opinion rendered by respondents. They do not overrule each other in any sense, as we see it. The opinion in the case of Green v. Scales does not expressly or by implication, directly or indirectly, rule upon this question. It was not urged before that court, so far as the opinion shows. Therefore, it was not ''involved and determined'' there. Garitty v. Rainey, supra.

The other cases cited in this connection as being in conflict with the instant case are not landlord and tenant cases in any sense. Therefore, the facts are not ''practically'' the same. That being true, it is not necessary to go into them to determine whether or not they present a conflict authorizing the issuance of this writ. For, they could not do so.

In the third place, counsel for relator contend that the Court of Civil Appeals, in the instant case, held that:

''Although the record discloses that the cotton in controversy was on appellee's farm and that her tenant's rights on said farm had expired more than two months prior to the time said cotton was

levied on, yet said cotton was not in the possession of appellee and that the burden of proof was upon her.''

It is urged by relator that such holding is in conflict with the opinions of Courts of Civil Appeals in the cases of Groesbeck v. Evans, 83 S. W., 430 and Briggs v. Briggs, 227 S. W., 511.

Respondents, in their final opinion herein, refer to the case of Groesbeck v. Evans in the following language:

''Appellee argued that the effect of that testimony (its location on the rented premises when writ was levied) was to establish as a matter of law that the cotton was in her possession when the writ was levied, and cited Groesbeck v. Evans, 83 S. W., 430, as authority supporting her contention. And unquestionably the statement in the opinion of the court when that case was first before it 'that the crop (quoting) of a tenant who is indebted to his landlord for rents, supplies or advances must be considered in the possession of the landlord so long as it remains upon the rented premises,' does support the contention, on the theory that it appeared that appellee's tenant was indebted to her for 'rents, supplies or advances.' But the statement was dicta only, was qualified on motion for a rehearing (88 S. W., 889), and overruled on a subsequent appeal of the case (Evans v. Groesbeck), 42 Texas Civ. App., 43, 93 S. W., 1005.''

As confirming Judge Willson's statement about the status of the Groesbeck case, we quote from the last opinion of Judge Pleasants therein as follows:

''This is the second appeal of the cause and upon the former appeal we held that either of the grounds above stated was sufficient to entitle appellee to maintain the suit and that a general demurrer to his pleadings should not have been sustained. Groesbeck v. Evans, 83 S. W., 430, 11 Tex. Ct. Rep. 445. We also held in the opinion on that appeal that the crop of a tenant who was indebted to his landlord for rents, supplies, or advances should, so long as it remained upon the rented premises, be considered to be in the possession of the landlord as against a creditor of the tenant who sought to subject it to his debt, and that if such creditor should levy upon the crop and remove it from the rented premises the landlord could, as a lien-holder in possession of the property, maintain an action for the trial of the right of property under the statute authorizing such proceedings. The language used in the original opinion on that appeal was too broad and unqualified to accurately express our meaning, but in a supplemental opinion subsequently filed in the case (88 S. W. 889, 13 Tex. Ct. Rep. 659) we qualified the expressions of the original opinion and declared our holding to be as above stated. The decision of the question of the right of a landlord to maintain an action for the trial of the right of property by virtue of his lien and the provision of the statute which prohibits the tenant

removing the crop from the rented premises without the consent of the landlord was not necessary for the disposition of that appeal, nor is it necessary in the determination of the case now before us. We have, however, been impressed with the force of appellant's argument upon the question, and have reached the conclusion that the reason upon which our former decision upon this point was based is not sound, and that the conclusion then reached cannot be reconciled with former decisions of our higher courts, which, while not directly deciding this question, have announced a different rule in cases involving the same principle. In our former discussion of the question we gave too much importance to the provision of the statute prohibiting the removal of the crop from the rented premises without the consent of the landlord. That provision cannot be properly construed as affecting the question of the landlord's possession or right of possession, and while the seizure and removal of the crop upon execution against the tenant is an invasion of the landlord's right which he could protect by proper proceedings, it does not invade his right of possession because he had none by virtue of his statutory lien, and therefore he could not resort to the statutory remedy of a trial of the right of property. To the extent above indicated our former opinion is overruled, but as before stated the question is not involved on this appeal.''

It is not necessary for us to determine whether or not a decision of the Court of Civil Appeals, occupying the rather unique and unusual status of this decision in Groesbeck v. Evans, is such a decision as would authorize the Supreme Court to issue a writ of mandamus on ground of conflict. Looking solely to the *original opinion* of the Court of Civil Appeals in the Groesbeck case, it will be seen that such decision is not in conflict with the instant case. Counsel for relator rely upon this language in the original opinion in the Groesbeck case:

''We know of no case in which the question has been expressly decided, but we are of opinion that the crop of a tenant who is indebted to his landlord for rents, supplies, or advances must be considered in possession of the landlord so long as it remains upon the rented premises.''

This language was merely dicta and, as applied to the facts in that case, did not hold that the landlord was entitled to the possession of the crop of a tenant, as against the tenant, as long as it remained on the rented premises, and in that way possibly affect the burden of proof in a suit between landlord and tenant as to where the crops were grown. The opinion merely held that, as between the landlord and a creditor of the tenant under a writ of execution, the landlord had such possessory rights in the crop as to prevent its removal from the premises by such creditor. This is the way we construe

the original opinion in the Groesbeck case. There was no issue
involved as between the landlord and tenant or sub-tenant, nor was
there any issue involved as to the burden of proof or sufficiency of
the evidence as to where the crops were grown. Judge Pleasants
construed this original opinion just as we do. In 40 Texas Civ. App.,
216, 88 S. W., 889, referring to the language now under discussion,
he said:

"This language is too broad, and, if taken literally, is an erroneous
statement of the law. All that we intended to hold, as is shown by
the opinion when read as a whole and applied to the facts of the case,
was that the landlord had such possessory rights in the crop as
would entitle him to prevent its removal from the premises by a
creditor of the tenant under a writ of execution, and to maintain an
action for the trial of the right of property in order to have the
property, if so removed, returned to the premises. The landlord
has no right of possession as against the tenant, and a levy upon
the tenant's interest where the crop is not removed from the premises
would be valid."

Therefore, since the original opinion in this Groesbeck case in-
volved a different state of facts and did not determine any question
before the court in the instant case, it presents no such conflict as
would warrant the issuance of a mandamus. As shown in our
opinion in a quotation from McKay v. Conner, supra, the conflict
must be upon the very question decided and not in any reasoning
by which the conclusion is reached.

The other opinion referred to as being in conflict, on this point,
was written by respondents themselves, just as the instant case was.
Our statute does not authorize a mandamus against a Court of Civil
Appeals because it writes an opinion in conflict with a prior decision
of its own. But, in fairness to respondents, it should be said here
that the decisions in these two cases are not in conflict.

In the fourth place, relator contends:

"Respondents herein, the Court of Civil Appeals aforesaid, in
the last opinion, reversed and rendered the case on an issue that was
not developed in the trial court, and their decision on said question
is in conflict with the decision of the Court of Civil Appeals of the
Fifth District in the case of Dunlap v. Squires, 186 S. W., 843, and
is in conflict with the decision of the Court of Civil Appeals of
Texas in the case of Allen v. Anderson & Anderson, 96 S. W., 54."

Counsel for relator also quote as follows from the opinion in
Dunlap v. Squires, supra:

"It is further contended, in effect, that we were in error in holding
that it appeared that the case had been fully developed and in
rendering judgment, for that reason, in favor of the appellants.
A further careful review of the record upon appellee's motion for

a rehearing has led us to the conclusion that this contention should be sustained. This court has heretofore held that where it does not conclusively appear that the case was fully developed in the trial court, the appellate court, instead of rendering judgment, must remand the cause for another trial. Allen v. Anderson & Anderson, 96 S. W. 54. A re-examination of the statement of facts and record convinces us that it does not so appear in this case. The judgment of this court rendering judgment in favor of appellants will therefore be set aside, and the judgment of the county court will be reversed, and the cause remanded.''

It is true that respondents, upon reversing this case, rendered same rather than remand it. But, they do not discuss the proposition involved in above quotation from Dunlap v. Squires. The court does not say that it finds that the case was not fully developed and that from an examination of the entire record it appears that justice would probably be better subserved by a remand of the case. If the court had made these findings, and then *rendered final judgment,* its decision would have been in direct conflict not only with the cases cited by relator but numerous others. But, the court has not so held, and has not conflicted as alleged by relator with other decisions to the contrary. We have no statement of facts before us and cannot say that this case was not fully developed on the former trial and that justice would probably be better subserved by a remand of this case. Therefore, we are in no position to say that the decision rendered by respondents, even by implication, conflicts with the aforesaid opinions as alleged.

This petition for mandamus was filed before the act of 1923 was passed by our Legislature amending Article 1623 of our statutes so as to authorize a mandamus when an opinion of the Court of Civil Appeals conflicts with a former opinion of our Supreme Court. But, if it should be held that this act of the Legislature could be held to affect this proceeding, it would not affect the result. In connection with the propositions we have discussed, only two Supreme Court decisions were cited by relator. We mentioned one of them and showed it did not conflict with the decision in the instant. case. The other was upon an entirely dissimilar state of facts and could not possibly conflict with this case so as to authorize the issuance of a writ of mandamus. This other case from the Supreme Court cited by counsel is that of Bailey v. Hicks, 16 Texas, 222.

It should not be necessary for us to say that we do not pass upon the correctness of this decision by the Court of Civil Appeals. That issue is not involved in an action of this kind. Garitty v. Rainey, 112 Texas, 375, 247 S. W., 825. We merely hold that this petition for mandamus shows no such conflict as warrants the granting of this extraordinary writ against a Court of Civil Appeals.

After carefully considering this petition, we think the mandamus prayed for should be denied, and we so recommend.

The opinion of the Commission of Appeals is adopted and writ of mandamus is refused.

*C. M. Cureton,* Chief Justice.