## LOWE et al. v. CITY OF MUNDAY et al.
### No. 2110.

Court of Civil Appeals of Texas. Eastland.

Feb. 14, 1941.

938

Davidson & McMahon, of Abilene, for appellants.

M. F. Billingsley, of Munday, for appellees.

GRISSOM, Justice.

The City of Munday and Munday Independent School District instituted this suit in the District Court of Knox County against F. A. Lowe, H. O. Wooten, and H. O. Wooten Grocer Company, residents of Taylor County. Plaintiffs alleged that G. W. and Tom Haney formerly operated a store under the name of Haney Grocery in the city of Munday. That, about September 4, 1939, the Haneys became insolvent and made a voluntary assignment to F. A. Lowe, for the benefit of their creditors, and executed a deed of assignment to him which was accepted; that Lowe was an employee and officer of Wooten Grocer Company "and in this instance is and was the alter ego of said H. O. Wooten Grocer Company and was acting for said H. O. Wooten Grocer Company in the matters and things hereinafter alleged." Plaintiffs' next allegation was as follows: *"Plaintiff further avers that they and each of them after having received notice of such assignment from the said F. A. Lowe, assignee, filed their claims with him*

\* \* \* *and agreed to accept under said deed of assignment."* (Italics ours.) There followed allegations of assessment of taxes by the City against the "stock and fixtures" belonging to Haney Grocery for the years 1932 to 1939, inclusive, amounting to $266.26, and assessment of taxes by the school district for the years 1933 to 1939, inclusive, in the sum of $128.-60, and that such taxes, penalties and interest constituted a valid and subsisting lien against said stock and fixtures, and were a prior lien thereon to that of any other creditor. That Lowe, acting for the Wooten Grocer Company, took possession of the property of Haney Grocery of the value of $2,240; that Lowe notified the creditors of Haney Grocery that a sale of its assets would be made on September 15, but that sale was postponed; that thereafter on September 24, on Sunday, Lowe, acting with Wooten Grocer Company, and without notice to the creditors, removed the stock, fixtures and assets of Haney Grocery from Munday "thereby depriving the creditors of said Haney Grocery of the value thereof, and misappropriating and misapplying such assets to the use and benefit of said F. A. Lowe and H. O. Wooten Grocer Company \* \* \*." Plaintiffs alleged "that by reason of the illegal, fraudulent, conspiracy and conduct and action on the part of said defendants, that these plaintiffs have lost their debt, and that by reason of such conduct on the part of the defendants and each of them, they and each of them have become personally liable to plaintiffs and other creditors for the full value of the property, estate and assets of said Haney Grocery so misappropriated and embezzled as aforesaid." Plaintiffs alleged that the assignment was not a statutory but a common-law assignment. It was alleged that the "fraud" of defendants culminated and was practiced upon the creditors in Knox County, and "such conversion of said assets so occurred at the time and place hereinbefore alleged, which gives this court jurisdiction of the persons and the subject-matter of this suit." Plaintiffs prayed for judgment for the value of the property converted and "that a substitute assignee be appointed by the court, after the said F. A. Lowe has been legally removed from his office of trust, given and granted by the terms of said deed of assignment" and for a personal judgment against defendants for the sum of $2,240, "the value of such property so converted."

The H. O. Wooten Grocer Company and F. A. Lowe filed their pleas of privilege to be sued in the county of their residence.

Plaintiffs filed a controverting affidavit replying to both pleas of privilege in which they repeated many of the allegations of their petition, and it was made a part thereof.

Plaintiffs alleged that venue of the suit was in Knox County under secs. 5, 7, 9, 12 and 30 of Art. 1995, R.S.1925, Vernon's Ann.Civ.St. art. 1995, subds. 5, 7, 9, 12, 30. In the controverting affidavit plaintiffs alleged "That thereafter on or about September 8, 1939, the *plaintiffs for themselves, filed with said assignee, F. A. Lowe, their claims for the above described taxes,* as well as some water bills, *and accepted under the terms of said assignment, and thereby agreed to accept whatever sum was paid as dividends from the sale of the assets of said partnership property so conveyed * * *."* (Italics ours.)

The trial was to the court. The court rendered judgment overruling the pleas of privilege and said defendants have appealed.

The evidence showed that the Haneys, prior to 1931 and up to September 4, 1939, were doing a grocery and meat market business at Munday in Knox County under the name of Haney Grocery; that on September 4, 1939, a deed of assignment was executed to F. A. Lowe, for the benefit of the creditors of Haney Grocery. That the Haneys resided and had their business in Knox County; that Lowe at the time of the assignment and thereafter was an employee of Wooten Grocer Company and was requested by Haney to act as assignee; that at the date of the assignment the Haneys were indebted to Wooten Grocer Company and it had obtained a judgment foreclosing a mortgage lien on the fixtures of Haney Grocery.

For the purpose of this opinion we assume, without deciding, that plaintiffs, when they filed their claims with the assignee, had tax liens against the stock and fixtures of the Haney Grocery and plaintiffs' liens were superior to that of Wooten Grocer Company. Art. 7269, R.S.1925; Kirk v. City of Gorman, Tex.Civ.App., 283 S.W. 188; Salt City Co. v. Padgett, Tex. Civ.App., 186 S.W. 391; City of Ft. Worth v. Boulware, 26 Tex.Civ.App. 76, 62 S.W. 928; State v. Lowman, Tex.Civ.App., 115 S.W.2d 794, 799; State v. Nix, 134 Tex.'

476, 133 S.W.2d 963, 966; Texas Bank & Trust Co. v. Bankers' Life Co., Tex.Civ. App., 43 S.W.2d 631; 30 Tex.Jur. 494; 37 Tex.Jur. 1021; 40 Tex.Jur. 206; 61 C.J. 947; 44 C.J. 1339; Mission Independent School Dist. v. Armstrong, Tex.Com.App., 222 S.W. 201; Black v. Baker, 130 Tex. 454, 111 S.W.2d 706; In re Brannon, 5 Cir., 62 F.2d 959; Texas Land & Cattle Co. v. City of Ft. Worth, Tex.Civ.App., 73 S.W.2d 860; Zachary v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417; In re Cardwell, D.C., 52 F.2d 158; Cassidy Southwestern Commission Co. v. Duval County, Tex.Com.App., 3 S.W.2d 416.

The suit was not maintainable in Knox County under Sec. 5 of Art. 1995. There was no evidence adduced raising the issue that either of the appellants had contracted in writing to perform an obligation in Knox County. Venue in Knox County was not shown under Sec. 12. Plaintiffs' suit was a suit for conversion, not for foreclosure of a lien; but, if they had sought foreclosure of a lien, plaintiffs alleged that the property upon which a lien was asserted was not then situated in Knox County. See Wilson v. City of Belton, Tex.Civ.App., 206 S.W. 366. Exception 7 authorizes the maintenance of a suit in cases of fraud and defalcation of public officers in the county in which the fraud was committed or the defalcation occurred. The evidence was insufficient to raise an issue of fact as to a fraud or defalcation of a public officer in Knox County. The evidence was uncontradicted that the assignee sold the property to Wooten Grocer Company before it was moved from Knox County; there was no evidence that the sale was made in Knox County.

Plaintiffs seek to maintain the suit in Knox County under exception 30, upon the theory that Art. 266, R.S.1925, relative to statutory assignments, confers venue of this case in Knox County. It is at least doubtful that "venue is expressly prescribed" in Art. 266, within the meaning of exception 30, but, if Art. 266 conferred venue in the county in which the assignee resides, that would constitute no support for plaintiffs' contention here. The assignee in the instant case resides in Taylor County. The assignment involved in this suit is not the statutory assignment referred to in Art. 266, but is a common-law assignment. Plaintiffs so allege in their petition and state in their brief.

The only exception we deem worthy of extended discussion is number 9, which provides: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■ A conversion may constitute a trespass. Bowers v. Bryant-Link Co., Tex. Com.App., 15 S.W.2d 598; American Mortgage Corp. v. Smith, Tex.Civ.App., 35 S.W.2d 1092; Bramblett v. Roby State Bank, Tex.Civ.App., 67 S.W.2d 450. If plaintiffs' allegations and proof raise the issue that property upon which plaintiffs have a lien was converted by defendants in Knox County, then the judgment overruling appellants' pleas of privilege must be sustained.

■ Appellants' first proposition is that plaintiffs having pleaded and proved that they accepted under the assignment made by Haney Grocery to F. A. Lowe, assignee, and agreed to accept whatever sum was paid as dividends from the sale of the assets of said partnership conveyed to said assignee, appellees thereby waived their lien, if any, and appellants could not be guilty of a conversion of the stock and fixtures.

We have heretofore quoted the allegations in plaintiffs' petition to the effect that plaintiffs, after receiving notice of the assignment from Lowe, assignee, filed their claims with the assignee "and agreed to accept under said deed of assignment." We have also heretofore quoted plaintiffs' allegations in their controverting affidavit to both of appellants' pleas of privilege to the effect that plaintiffs filed their claims for taxes with Lowe, assignee, "and accepted under the terms of said assignment, and thereby agreed to accept whatever sum was paid as dividends from the sale of the assets of said partnership property so conveyed * * *."

Since plaintiffs expressly alleged that they accepted "under the terms of said assignment" and agreed to accept whatever sums were paid as dividends from the sale of the assets of Haney Grocery by the assignee, we call attention to some of the provisions of the assignment, as follows:

"It being the intention that the property hereinafter assigned is for the purpose of payment of the bona fide debts of the grantor and all creditors of the grantor shall share in the proceeds of said sale in proportion to their respective claims and without preference in the proceeds of such property.

"The said F. A. Lowe is to have immediate possession and control of all of the above mentioned assets and is hereby especially empowered to handle, manage, sell and dispose of the above named property as in his judgment he deems best. The said F. A. Lowe is empowered to continue the above business as a going concern, or to sell the entire assets as he desires and is empowered to vest title in the purchaser or purchasers thereof, and may collect any and all indebtedness now owing Haney Gro. Co., and receipt for same, and is to have full and complete authority and control over said business.

"The title to the property described herein is fully vested in the said F. A. Lowe, consisting of the stock of merchandise, fixtures, delivery equipment, notes and accounts and cash on hand belonging to the said business."

Appellants introduced no evidence upon the hearing of the pleas of privilege. Plaintiffs proved by the assignee that he sent out notices to all the creditors of a sale of the assets of Haney Grocery; that the only bidder present at the time and place stipulated in the notice to the creditors was Mr. Wooten, of Wooten Grocer Company. That Lowe made an effort "to stir up" some interest, but was not able to interest any bidders in the property; that later, as assignee, he did sell the stock and fixtures under the terms of the deed of assignment at private sale; that he sold a part of the fixtures and the stock to Wooten Grocer Company.

Mr. Harrell was tax collector for the City of Munday. His wife was tax collector for the school district. He testified that he was acquainted with the tax rolls of both, and particularly with the assessments by plaintiffs against the stock, merchandise and fixtures of Haney Grocery. He testified:

"Q. It is also true that when the plea of privilege was filed here by the defendants, a controverting plea was filed by * * * counsel for both of these taxing bodies; that is correct isn't it? A. I don't know about that. I presume it was.

"Q. He was authorized to file these pleadings? A. Yes, that's right.

"Q. And it is alleged that the taxing bodies, both the City and Independent School District, filed claims with Mr. Lowe, the Assignee, for your taxes, including some water bills, and accepted under the terms of the assignment and agreed to accept whatever sum was paid as dividends from the sale of the partnership property so conveyed to Mr. Lowe; that is true, isn't it? A. That's right.

"Q. You did agree to accept these dividends, whatever they might be? A. That's right.

"Q. Didn't you so understand that by doing that, that you thereby authorized Mr. Lowe to dispose of the property? A. In a legal manner, yes sir.

"Q. If the property was so disposed of, you would look to the assignee for the dividends for your taxes; isn't that correct? A. Yes sir.

"Q. And would relinquish any claim to the property? A. That's right."

On re-direct examination:

"Q. You also understood that the taxing bodies had a preferred lien to anybody else on this specific property? A. I understood that ours was a preferred claim.

"Q. And you filed it with that idea in view? A. That's right."

On further cross-examination:

"Q. You couldn't figure on a preferred lien and relinquish the lien both at the same time? A. This is the exact method I had used before.

"Q. Under the terms of this pleading and your understanding of what you were doing, you were then only to look to the dividends, and not to the property, for your taxes, weren't you? A. I was willing to accept our pro rata part, and all we were asking was that we be shown fair play."

The court's seventh finding of fact is as follows: "That both the City of Munday and the Munday Independent School District duly filed their claims with the said F. A. Lowe, assignee, on or about September 8, 1939, and agreed to accept under such assignment." Notwithstanding the foregoing, the court found that appellants converted the stock and fixtures of Haney Grocery in Knox County.

There could be no conversion of said property as against plaintiffs, unless they were lienholders, nor if the liens were waived. As heretofore stated, we assume for present purposes, that at the time the assignment was made to Lowe, and prior to plaintiffs' acceptance under the terms of the assignment and agreement to accept whatever dividends were paid them from the sale of the assets of Haney Grocery, that plaintiffs had a superior lien against some of the property involved. Nevertheless, Lowe, by the terms of the deed of assignment, was expressly authorized to dispose of the assets of Haney Grocery upon which plaintiffs had a lien and plaintiffs expressly alleged they consented thereto. Certainly a lienholder cannot authorize the sale of property and then successfully assert that the sale constituted a conversion. First National Bank of Cuero v. San Antonio & A. P. R. Co., 97 Tex. 201, 77 S.W. 410, 412; 42 Tex.Jur. 533; Hogg v. Magnolia Pet. Co., Tex.Com.App., 267 S.W. 482; Campbell & Rosson Live Stock Commission Co. v. Border Nat. Bank, Tex. Com.App., 270 S.W. 539; Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824.

Plaintiffs say their tax collectors could not waive their tax liens. Mr. Harrell testified they intended to do so; but, if plaintiffs' tax collectors were without legal power to waive their liens, which we do not decide, the allegations of plaintiffs' petition and controverting affidavit are not that the tax collectors, but plaintiffs, consented to the sale. Under plaintiffs' allegations and proof they were not authorized to maintain this suit in a county other than that of appellants' residence under exception 9, Art. 1995. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Id., Tex.Civ.App., 55 S.W.2d 247; A. H. Belo Corp. v. Blanton, Tex.Civ.App., 126 S.W.2d 1015, 1024; Id., 133 Tex. 391, 129 S.W.2d 619, 621.

It should be remembered that the language of this opinion is directed only to questions of venue, under the allegations and proof as they now exist in the instant case, and should not be construed as intended to express any opinion as to the merits of the case.

The judgment is reversed and the cause, as to appellants, transferred to a District Court of Taylor County.